# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAY PADILLA, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 12-cv-7350 |
| DISH NETWORK L.L.C., ) ) ) ) | Judge Robert M. Dow, Jr. |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's motion to reconsider or alternatively, to certify issue for interlocutory appeal pursuant to 28 U.S.C. 1292(b) [58]. At issue is the Court's July 19, 2013 Opinion and Order [47] granting in part Defendant's motion to dismiss [25] Count I of Plaintiff's complaint. The Court dismissed Count I with respect to Plaintiff's claim for damages, but allowed Plaintiff to proceed with his claim in the pursuit of injunctive relief. Plaintiff asks the Court to reconsider this ruling and permit him to pursue a claim for damages. Alternatively, Plaintiff asks the Court to certify this issue for interlocutory appeal. For the reasons stated below, Plaintiff's motion to reconsider and his motion in the alternative to certify the issue for interlocutory appeal [58] are denied.

**I. Background**

Relevant here, former DISH Network customer Ray Padilla ("Padilla") alleges that DISH Network is maintaining his personal information in a database in violation of the Satellite Home Viewer Extension and Reauthorization Act, 47 U.S.C. § 338 ("SHVERA"). Plaintiff cancelled

his service with DISH Network on March 1, 2011, and Padilla believes that DISH Network is still in possession of the personal information that he voluntarily provided to DISH Network when he became a DISH Network customer. SHVERA instructs that "[a] satellite carrier shall destroy personally identifiable information if the information is no longer necessary for the purpose for which it was collected . . . ." 47 U.S.C. § 338(i)(6). Padilla alleges that his information is no longer necessary for the purpose for which DISH Network collected it, such that DISH Network's continued retention of his information violates SHVERA and entitles him to damages. SHVERA provides that "[a]ny person aggrieved by any act of a satellite carrier in violation of this section may bring a civil action in a United States district court. The court may award (a) actual damages but not less than liquidated damages computed at the rate of $100 a day for each day of violation or $1,000, whichever is higher; (b) punitive damages; and (c) reasonable attorneys' fees and other litigation costs reasonably incurred." 47 U.S.C. § 338(i)(7). Padilla insists that this language entitles him to statutory damages, even in the absence of actual damages. Padilla argues, in the alternative, that if the statute requires him to allege an injury (*i.e.*, actual damages) to recover liquidated damages, then he was injured by DISH Network's retention of his information. Specifically, Padilla reasons that because his service contract with DISH Network expressly stated that DISH Network would comply with SHVERA, he did not receive the full benefit of that bargain when DISH Network retained his information for longer than the statute allows.

Padilla made these same two arguments in his opposition to Defendant's motion to dismiss [35], and the Court rejected them both in its July 19, 2013 Opinion and Order [47] after careful consideration. The Court concluded that a Plaintiff cannot recover damages under SHVERA for retention of one's information in violation of 47 U.S.C. § 338(i)(6) without a

showing of actual damages. Because Plaintiff failed to allege a plausible injury from DISH Network's retention of his information, the Court dismissed Padilla's claim for damages for failure to state a claim. The Court, however, determined that Padilla may enforce SHVERA's information-destruction provision by seeking an injunction, since Plaintiff believes that DISH Network has retained his information for longer than the statute permits. Plaintiff now asks the Court either to rethink its ruling or to certify the issue for an interlocutory appeal pursuant to 28 U.S.C. 1292(b).

## II. Motion for Reconsideration

### A. Legal Standard

Plaintiff's motion is governed by Federal Rule of Civil Procedure 54(b):

> any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). Accordingly, under Rule 54(b), the Court may exercise its inherent authority to reconsider its interlocutory orders. See *Moses H. Cone Mem. Hosp. v. Mercury Const. Corp.,* 460 U.S. 1, 12 (1983) ("every order short of a final decree is subject to reopening at the discretion of the district judge"); *Sims v. EGA Prods., Inc.,* 475 F.3d 865, 870 (7th Cir. 2007) ("nonfinal orders are generally modifiable").

It is well established, however, that "[m]otions for reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence." *Conditioned Ocular Enhancement, Inc. v. Bonaventura*, 458 F. Supp. 2d 704, 707 (N.D. Ill. 2006) (quoting *Caisse Nationale de Credit Agricole v. CBI Indus., Inc.,* 90 F.3d 1264, 1269 (7th Cir. 1996)). In regard to the "manifest error" prong, the Seventh Circuit has explained that a

motion to reconsider is proper only when "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension." *Bank of Waunakee v. Rochester Cheese Sales, Inc.*, 906 F.2d 1185, 1191 (7th Cir. 1990); see also *Wiegel v. Stork Craft Mfg., Inc.,* 2012 WL 2130910, at *2 (N.D. Ill. June 6, 2012) ("Reconsideration is not appropriate where a party seeks to raise arguments that could have been raised in the original briefing."); *Oto v. Metropolitan Life Ins. Co.,* 224 F.3d 601, 606 (7th Cir. 2000) ("A 'manifest error' is not demonstrated by the disappointment of the losing party," instead it "is the 'wholesale disregard, misapplication, or failure to recognize controlling precedent.'"); *Bilek v. American Home Mortg. Servicing,* 2010 WL 3306912, at *1 (N.D. Ill. Aug. 19, 2010). And with respect to the second prong, the court of appeals has explained that a motion to reconsider may be appropriate if there has been "a controlling or significant change in the law or facts since the submission of the issue to the Court." *Bank of Waunakee*, 906 F.2d at 1191. Because the standards for reconsideration are exacting, our court of appeals has stressed that issues appropriate for reconsideration "rarely arise and the motion to reconsider should be equally rare." *Bank of Waunakee*, 906 F.2d at 1191.

   **B.   Analysis**

As noted, Plaintiff makes no new arguments in his motion to reconsider. The Court considered these same arguments in dismissing Plaintiff's retention claim for damages, and Plaintiff has not persuaded the Court that it erred in doing so. As discussed in greater detail in the Court's July 19, 2013 Opinion and Order, the Seventh Circuit analyzed a privacy statute with nearly identical damages and information-destruction provisions on an interlocutory appeal in *Sterk v. Redbox Automated Retail, LLC*, 672 F.3d 535, 537 (7th Cir. 2012) (interpreting the Video Privacy Protection Act's prescription that the court may award "actual damages but not less than

liquidated damages in an amount of $2,500"). As in this case, plaintiffs alleged that the defendant retained their personal information for longer than was necessary and sought damages. The Video Privacy Protection Act ("VPPA"), 18 U.S.C. § 2710(e), and SHVERA differ in one relevant respect: the information-destruction provision comes after the damages provision in the VPPA, whereas that provision precedes the damages provision in SHVERA. See *Id.* at 537-38. The ordering of these provisions in the VPPA was one of two reasons that led the Seventh Circuit to conclude that damages are not available for failure to destroy information under that statute. *Id.* at 538. The second reason – informed by the Supreme Court's decision in *Doe v. Chao*, 540 U.S. 614 (2004) – was that retention alone causes no damages:

> Nor would it make a lot of sense to award damages for a violation of the requirement of timely destruction of personally identifiable information . . . the specific issue presented by this appeal. How could there be injury, unless the information, not having been destroyed, were disclosed? If, though not timely destroyed, it remained secreted in the video service provider's files until it was destroyed, there would be no injury . . . [And] if failure of timely destruction results in no injury at all because there is never any disclosure, the only possible estimate of actual damages [for retention] would be zero.

*Sterk*, 672 F.3d at 538. On remand, Judge Kennelly dismissed the plaintiff's claims for damages based on mere information retention, in accord with the Seventh Circuit's ruling, (*Sterk v. Automated Retail, LLC*, 2012 WL 3006674, at *5 (N.D. Ill. July 23, 2012)), but permitted the plaintiffs to seek equitable relief at the Seventh Circuit's suggestion. *Id.* at *9 (citing *Sterk*, 672 F.3d at 539). Because SHVERA's damages provision follows its information-destruction provision, this Court determined that SHVERA, unlike the VPPA, does provide a cause of action for improper information retention. And in light of the Seventh Circuit's guidance surrounding its second rationale, the Court concluded that SHVERA nevertheless still requires a plaintiff to plausibly allege actual damages before statutory damages may be recovered. Were this not the case (and liquidated damages were available in the absence of actual damages), every person

5

whose information is retained for even a single day beyond the cancellation of their contract with DISH Network could state a claim under SHVERA by alleging that one day is "longer than necessary." This would lead to absurd results, given the undisputed tax and business justifications for retaining former customers' information for some period of time, and bolsters the Court's reading of *Sterk* that SHVERA requires a plaintiff to allege actual damages in order to state a claim for improper information retention. Although the Court dismissed Padilla's claim for damages, the Court permitted Padilla to seek injunctive relief to have his information deleted from DISH Network's system, if he can prove that DISH Network has retained it for too long.

Plaintiff contends that the Court failed to properly consider several cases that he argues cut the other way. The first is the Supreme Court's decision in *Chao*, which Padilla believes compels the Court to conclude that SHVERA's damages provision provides for liquidated damages, even in the absence of actual damages. However, Plaintiff has simply cut-and-pasted this argument from his opposition to Defendant's motion to dismiss. Moreover, in *Sterk* the Seventh Circuit explicitly relied on *Chao* – which interpreted a similarly-worded privacy statute (the Privacy Act) to require proof of an actual injury before a plaintiff could obtain statutory damages – in concluding that mere information retention results in no injury, and that guidance carries considerable weight here.

Plaintiff cites to three other opinions – one from the Sixth Circuit, another from the District of Kansas, and a third from the Eastern District of Michigan – in support of his contention that actual damages need not be alleged under SHVERA's retention provision.[1]

---

[1] Plaintiff also relies on an oral ruling made by Judge Feinerman in *Freas v. RCN Corp.*, No. 12-cv-4265 (N.D. Ill. Mar. 4, 2013). Although no written opinion was issued in that case, Plaintiff cites to the transcript of a hearing on a motion to dismiss a similar information retention claim pursuant to the Cable Act. During the hearing Judge Feinerman expressed the view that, in *Sterk*, the Seventh Circuit was not saying that "Congress cannot provide a damages remedy or a civil action remedy for a situation where there was retention but not disclosure." The Court agrees with Judge Feinerman's remark, as reflected in

Those cases concern the Cable Communications Policy Act of 1984 ("the Cable Act"), a statute with a damages provision almost identical to the damages provision in both SHVERA and the VPPA. 47 U.S.C. § 551(f)(2)(A) ("The Court may award (A) actual damages but not less than liquidated damages . . ."). But these cases – all of which the Court considered in ruling on Defendant's motion to dismiss – are neither precedential nor persuasive. In *Klimas v. Comcast Cable Communications, Inc.*, 465 F.3d 271 (6th Cir. 2007), the Sixth Circuit merely concluded that a plaintiff alleged sufficient injury to recover damages under the Cable Act by claiming that the defendant improperly collected his IP-URL linkage information. *Id.* at 276. In the Court's view, *Klimas* says nothing to advance Plaintiff's cause. By contrast, the district court in *Warner v. American Cablevision of Kansas City, Inc.*, 699 F. Supp. 851, 858-59 (D. Kan. 1988), did rule in a way that seemingly tracks Plaintiff's argument. In *Warner*, the district court determined that a plaintiff was entitled to damages when a cable company failed to make the statute's required privacy disclosures, even in the absence of actual damages. A federal court in Michigan then followed *Warner* in *Metrovision of Livonia, Inc. v. Wood*, 864 F. Supp. 675, 680 (E.D. Mich. 1994). But neither of these cases concerned SHVERA, nor did either court address allegations of mere information retention. Further, these district court cases significantly predate *Chao*. But most importantly, the Seventh Circuit had this same argument before it in *Sterk*. There, plaintiffs (represented by the same counsel) made the same argument that Padilla makes here, likening the damages provision in the VPPA to the Cable Act's provision and citing to *Warner*. See 11-cv-01729, [37] at 12. Judge Kennelly initially accepted this argument and denied the defendant's motion to dismiss, despite plaintiff's failure to allege actual damages from the defendant's retention of their personal information. But, as discussed above, the Seventh Circuit reversed

---

the Court's determination that SHVERA provides for damages for improper information retention. The Court disagrees with Plaintiffs, however, that Judge Feinerman's oral ruling implies that liquidated damages are available in the absence of actual damages.

that decision, in part, because it held that there can be no actual injury from mere retention of information. *Sterk*, 672 F.3d at 539.

Although the Seventh Circuit did not address any Cable Act cases, the Seventh Circuit did distinguish another similar line of cases concerning the Driver's Privacy Protection Act ("DPPA"), which also contains a damages provision like those found in the Cable Act, the VPPA, and SHVERA. *Id.* at 538. Under the DPPA, the Third and Eleventh Circuits have held, at least in the context of unlawful appropriation of private personal information, that no actual damages need be alleged to recover liquidated damages. *Id.* at 539 (citing *Pichler v. UNITE*, 542 F.3d 380, 398-400 (3rd Cir. 2008); *Kehoe v. Fidelity Federal Bank & Trust*, 421 F.3d 1209, 1212-16 (11th Cir. 2005)). But the Seventh Circuit, explicitly declining to reject or endorse those holdings and their application of *Chao*, distinguished allegations of improper information retention from other privacy violations, such as unlawful appropriation of private personal information and disclosure of that information. *Id.* Those types of privacy violations make out a "perceived although not a quantifiable injury," whereas the injury associated with mere failure to destroy private information is "enormously attenuated." *Id.*

For the reasons stated and more fully detailed in the Court's July 19, 2013 Opinion and Order, the Court is not swayed from its position that SHVERA requires an allegation of an injury to plead a cognizable violation of unlawful information retention for which a plaintiff seeks damages. Simply alleging retention, without actual damages, does not state a claim.

As a backstop, Plaintiff argues (just as he did in his opposition to Defendant's motion to dismiss) that DISH Network's retention of his information did, in fact, injure him by depriving him of the compliance with SHVERA for which his service contract with DISH Network allegedly ensured. In other words, Padilla argues that DISH Network breached its contract.

8

Plaintiffs unsuccessfully made this breach of contract argument to Judge Kennelly in *Sterk*, and the Court finds it unpersuasive here, as well. The Court agrees with DISH Network that this is a creative attempt by Plaintiff to revive his breach of contract claim, which the Court dismissed for failure to plead an injury in its July 19, 2013 Opinion and Order. At best, Padilla alleges that DISH Network failed to comply with a term of their contract. But without an injury, Plaintiff has failed to plead a legally cognizable claim for breach of contract or otherwise. This is the same conclusion that Judge Kennelly reached in *Sterk* with respect to plaintiffs' breach of contract claim, following the Seventh Circuit's ruling on the interlocutory appeal in that case, and the Court finds his reasoning persuasive here:

> The Court's conclusion is reinforced by the lack of Illinois case law supporting plaintiffs' position. (The parties agree that the contract claim arises under Illinois law.) Specifically, plaintiffs have offered no authority, and the Court has found none, to suggest that the Illinois Supreme Court would recognize their arguments in favor of damages on their retention breach of contract claim . . . .
>
> The Seventh Circuit has stated that when a federal court addresses a previously unaddressed issue of state law of this sort, "the plaintiffs must come forward with *some* authority to support their view that they have a right to the relief they seek because, as we have stated, we have limited discretion with respect to untested legal theories under the rubric of state law. . . . Nothing in Illinois law indicates that a claim for money damages for one party's mere retention of information received from another party is legally viable.

*Sterk*, 2012 WL 3006674 at *6-7.

For the reasons stated, Plaintiff's motion to reconsider is denied.

### III.    Motion to Certify Issue for Interlocutory Appeal

#### A.    Legal Standard

Motions for interlocutory appeal are governed by 28 U.S.C. § 1292(b), which states:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order.

Accordingly, "[t]here are four statutory criteria for the grant of a section 1292(b) petition to guide the district court: there must be a question of *law*, it must be *controlling*, it must be *contestable*, and its resolution must promise to *speed up* the litigation." *Ahrenholz v. Board of Trustees of the University of Illinois*, 219 F.3d 674, 675 (7th Cir. 2000) (emphasis in original). "There is also a nonstatutory requirement: the petition must be filed in the district court within a *reasonable time* after the order sought to be appealed." *Id.* (emphasis in original) (citing *Richardson Electronics, Ltd. v. Panache Broadcasting of Pennsylvania, Inc.*, 202 F.3d 957, 958 (7th Cir. 2000)). "The criteria are conjunctive, not disjunctive." *Id.* at 676. "Unless *all* these criteria are satisfied, the district court may not and should not certify its order to [the Seventh Circuit] for an immediate appeal under 1292(b)." *Id.* at 675 (emphasis in original).

The Seventh Circuit recently reminded district courts that "[i]nterlocutory appeals are frowned on in the federal judicial system." *Sterk*, 672 F.3d at 536. This is because they "interrupt litigation and by interrupting delay its conclusion; and often the issue presented by such an appeal would have become academic by the end of the litigation in the district court, making an interlocutory appeal a gratuitous burden on the court of appeals and the parties, as well as a gratuitous interruption and retardant of the district court proceedings." *Id.*

In order to certify a question for appeal under § 1292(b), Plaintiff must demonstrate "the existence of a 'difficult central question of law which is not settled by controlling authority.'" *In re Brand Name Prescription Drugs Antitrust Litigation*, 878 F. Supp. 1078, 1081 (N.D. Ill. 1995) (quoting *In re Heddendoft*, 263 F.2d 887, 889 (1st Cir. 1959)). A question of law is controlling

10

"if its resolution is quite likely to affect the further course of the litigation, even if not certain to do so." *Sokaogon Gaming Enter. Corp. v. Tushie-Montgomery Assocs., Inc*., 86 F.3d 656, 659 (7th Cir. 1996). If a controlling appellate court has ruled on the question, then no substantial ground for difference of opinion exists, and there is no reason for immediate appeal. *In re Brand Name*, 878 F. Supp. at 1081. Even when a controlling court has not definitively decided an issue, the party requesting certification still must demonstrate that a "substantial likelihood" exists that the district court ruling will be reversed on appeal. *Id*. at 1081-82.

**B.     Analysis**

Plaintiff asks the Court to certify two questions for immediate appeal:

1.     Whether SHVERA provides for a private right of action for monetary damages for violations of the retention provision (47 U.S.C. § 338(i)(6)) without allegations of actual damages or whether the civil action provision is limited solely to injunctive relief if no actual damages are pled.

2.     Whether allegations that a plaintiff was denied the full benefit of his bargain is sufficient to show economic injury such that the plaintiff would be entitled to statutory damages under SHVERA's retention provision (47 U.S.C. 338(i)(6)).

The Seventh Circuit has been clear that the phrase "'question of law' as used in Section 1292(b) has reference to a question of the meaning of a statutory or constitutional provision, regulation, or common law doctrine . . . ." *Ahrenholz*, 219 F.3d 676. But "the question of a meaning of a contract, though technically a question of law when there is no other evidence but the written contract itself, is not what the framers of section 1292(b) had in mind . . . ." *Id.* Here, Question One is an issue of statutory interpretation, while Question Two is, at bottom, a question of contract interpretation. *Ahrenholz* instructed that the idea behind Section 1292(b)

"was that if a case turned on a question of law, something the court of appeals could decide quickly and cleanly without having to study the record, the court should be enabled to do so without having to wait till the end of the case," but this does not include contract interpretation because "to decide a question of contract interpretation may require immersion in what may be a long, detailed, and obscure contract." *Id.* at 677. Therefore, to the extent that Plaintiff seeks certification to the Seventh Circuit of the question of whether or not he received the full benefit of his bargain, the Court concludes that Question Two is not a pure question of law within the meaning of *Ahrenholz*. To the extent that Plaintiff requests certification of whether, in general, a breach of contract can form the basis for an action under SHVERA, the Court has already concluded that Plaintiff has not adequately alleged such a claim. As such, an answer to that question would not speed up this litigation, because it would have no effect on the proceedings at all. See *id.* at 675. In either case, Question Two is inappropriate for certification as an interlocutory appeal.

As an issue of statutory interpretation, Question One does qualify as a pure question of law within the meaning of *Ahrenholz*. It also is a "controlling" question within the meaning of *Sokaogon* – its resolution is likely to affect the further course of the litigation. But the Court does not consider the question to be a "contestable" one, and it thus fails to satisfy the third criteria of the section 1292(b) standard.

Plaintiff has not demonstrated a substantial likelihood that the Court will be reversed on appeal. See *In re Brand Name*, 878 F. Supp. at 1081-82. As discussed above, the Seventh Circuit interpreted a nearly identical damages provision in the information retention context less than two years ago in *Sterk*. In that case, plaintiffs were represented by the same counsel that represents Padilla, and they advanced the exact same arguments. True, the structure of the VPPA

– the statute at issue there – was different than the structure of SHVERA (an issue this Court addressed at length in its July 19, 2013 Opinion and Order), but the Seventh Circuit did not rest its analysis on the structural point. Instead, the Seventh Circuit reasoned that damages are not inherent in allegations of improper information retention. Padilla's citations to *Chao* (on which the Seventh Circuit explicitly relied in concluding that information retention by itself causes no damage) and two Cable Act cases from other districts (which were unavailing to the Seventh Circuit and predated *Chao*) are not enough to make this a contestable issue.

Moreover, *Sterk* <u>was</u> an interlocutory appeal. Although the Seventh Circuit accepted the appeal, the Court took the opportunity to remind district courts that such appeals are "frowned on," are a "gratuitous interruption and retardant of the district court proceedings," and that Section 1292(b) is to be invoked rarely. *Sterk*, 672 F.3d at 536. In light of these reminders and the ample substantive guidance provided by the Seventh Circuit in *Sterk*, it would be imprudent to certify an interlocutory appeal asking the Court to interpret almost identically-worded damages and information-destruction provisions of a similar statute, less than two years later.

Plaintiff's motion to certify these issues for an interlocutory appeal therefore is denied.

## IV.    Conclusion

For the reasons stated above, Plaintiff's motion to reconsider or alternatively, to certify issue for interlocutory appeal pursuant to 28 U.S.C. 1292(b) [58] is denied.


Dated:  February 11, 2014                             _____
                                                      Robert M. Dow, Jr.
                                                      United States District Judge