**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| RAY PADILLA, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.  12-CV-7350 |
| v. | ) ) | Hon. Robert M. Dow, Jr. |
| DISH NETWORK L.L.C, | ) ) | Magistrate Judge Rowland |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION FOR PRELIMINARY APPROVAL**
**OF CLASS ACTION SETTLEMENT**

Submitted by:

Joseph J. Siprut
*jsiprut@siprut.com*
Greg M. Barbakoff
*gbarbakoff@siprut.com*
Gregory W. Jones
*gjones@siprut.com*
**SIPRUT PC**
17 N. State Street
Suite 1600
Chicago, Illinois  60602
312.236.0000
Fax: 312.267.1906
www.siprut.com

*Attorneys for Plaintiff and the*
*Proposed Settlement Class*

**TABLE OF CONTENTS**

I.     INTRODUCTION ...................................................................................................1

II.    PROCEDURAL HISTORY ...................................................................................2

III.   THE PROPOSED SETTLEMENT ......................................................................4

        A.  Certification Of the Proposed Settlement Class...................................4

        B.  Class Relief ...........................................................................................4

        C.  Class Notice ..........................................................................................6

        D.  Service Awards to Class Representatives .............................................6

        E.  Attorneys' Fees and Expenses ..............................................................6

IV.   THE PROPOSED SETTLEMENT IS FAIR AND SHOULD BE PRELIMINARILY
      APPROVED ..........................................................................................................7

        A.  The Proposed Settlement Satisfies the Fairness Criteria ...................7
            1.  Strength of the Case ................................................................7
            2.  Risk, Expense, & Complexity of Case ....................................8
            3.  The Opinion of Counsel ..........................................................9
            4.  Extent of Discovery.................................................................9
            5.  Presence of Governmental Participants..................................10

V.    THE SETTLEMENT CLASS SHOULD BE PROVISIONALLY CERTIFIED; THE
      FORM AND METHOD OF NOTICE TO THE CLASS MEMBERS SHOULD BE
      APPROVED; AND, A HEARING REGARDING FINAL APPROVAL OF THE
      SETTLEMENT SHOULD BE SCHEDULED ........................................................10

        A.  The Settlement Class Should be Provisionally Certified ...............10
            1.  Numerosity – F.R.C.P. 23(a) ................................................11
            2.  Commonality – F.R.C.P. 23(a)(2) ..........................................12
            3.  Typicality – F.R.C.P. 23(a)(3) ...............................................13
            4.  Adequacy of Representation – F.R.C.P. 23(a)(4)....................13
            5.  Classwide Applicability – F.R.C.P. 23(b)(2) ..........................14

        B.  The Form and Method of Service of Class Notice Should Be Approved........15

        C.  The Court Should Schedule A Hearing For Final Settlement Approval .........16

VI.   CONCLUSION......................................................................................................16

# TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591, 117 S. Ct. 2231, 138 L. Ed. 2d 689 (1997).......................................................10, 11

*Wal-Mart Stores, Inc. v. Dukes,*
131 S. Ct. 2541(2011)................................................................................................................12

**UNITED STATES CIRCUIT COURT OF APPEALS CASES**

*Armstrong v. Board of Sch. Dirs. of City of Milwaukee,*
616 F.2d 305 (7th Cir. 1980) ......................................................................................................7

*Donovan v. Estate of Fitzsimmons,*
778 F.2d 298 (7th Cir. 1985) ......................................................................................................8

*In re Corrugated Container Antitrust Litigation,*
643 F.2d 195 (5th Cir. 2010) ....................................................................................................10

*Isby v. Bayh,*
75 F.3d 1191 (7th Cir. 1996) ......................................................................................................7

*Jefferson v. Ingersoll Intern, Inc.,*
195 F.3d 894 (7th Cir. 1999) ...............................................................................................14, 15

*Patterson v. Gen. Motors Corp.,*
631 F.2d 476 (7th Cir. 1980) ....................................................................................................12

*Rosario v. Livaditis,*
963 F.2d 1013 (7th Cir. 1992) ..................................................................................................12

*Sec'y of Labor v. Fitzsimmons,*
805 F.2d 682 (7th Cir. 1986) ......................................................................................................8

*Williams v. Chartwell Fin. Serv., Ltd.,*
204 F.3d 748 (7th Cir. 2000) ....................................................................................................11

**UNITED STATES DISTRICT COURT CASES**

*Adams v. R.R. Donnelley & Sons,*
98 C 4025, 2001 WL 336830 (N.D. Ill. Apr. 6, 2001) ...................................................11, 14, 15

*Gomez v. Ill. State Bd. of Educ.,*
117 F.R.D. 394 (N.D. Ill. 1987)..................................................................................................14

*Hinman v. M and M Rental Ctr., Inc.,*
545 F. Supp. 2d 802 (N.D. Ill. 2008) .........................................................................................14

*In re AT & T Mobility Wireless Data Services Sales Litig.,*
270 F.R.D. 330 (N.D. Ill. 2010)...................................................................................................8

*In re Neopharm, Inc. Securities Litigation*,
225 F.R.D. 563 (N.D. Ill. 2004) ................................................................13

*Kessler v. Am. Resorts Int'l*,
2007 WL 4105204 (N.D. Ill. Nov. 14, 2007) .............................................7

*Maxwell v. Arrow Fin. Servs., LLC*,
2004 WL 719278 (N.D. Ill. March 31, 2004) ...........................................11

*Pope v. Harvard Banchares, Inc*.,
40 F.R.D. 383 (N.D. Ill. 2006) ................................................................12

*Radmanovich v. Combined Ins. Co. of Am.*,
216 F.R.D. 424 (N.D. Ill. 2003) ..............................................................13

*Scholes v. Stone, McGuire, & Benjamin*,
143 F.R.D. 181 (N.D. Ill. 1992) ..............................................................12

*Schulte v. Fifth Third Bank*,
805 F. Supp. 2d 560 (N.D. Ill. 2011) ....................................................9, 10

*Smith v. Nike Retail Servs., Inc.*,
234 F.R.D. 648 (N.D. Ill. 2006) ..............................................................11

*Whitten v. ARS Nat'l Servs. Inc.*,
2001 WL 1143238 (N.D. Ill. Sept. 27, 2001) ...........................................12

## STATUTES AND FEDERAL RULES

28 U.S.C. § 1715(b) .................................................................................10

47 U.S.C. § 338 .....................................................................................2, 7

220 ILCS § 5/22-501 .............................................................................2, 7

Fed. R. Civ. P. 23(a) ...................................................................... *passim*

Fed. R. Civ. P 23(b) ....................................................................... *passim*

Fed. R. Civ. P 23(c) .................................................................................15

## MISCELLANEOUS

MANUAL FOR COMPLEX LITIGATION
(4th ed. 2004) ..................................................................................10, 16

Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS
(4th ed. 2001). ............................................................................11, 12, 15

Pursuant to Fed. R. Civ. P. 23, Plaintiff Ray Padilla ("Plaintiff"), by his counsel, respectfully submits the following Motion for Preliminary Approval of Proposed Class Settlement, and moves for an Order (1) preliminarily approving the Agreement as being fair, reasonable, and adequate; (2) preliminarily approving the form, manner, and content of the Class Notice; (3) setting the date and time of the Fairness Hearing for no earlier than 100 days from the date preliminary approval is granted; (4) provisionally certifying the Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure for settlement purposes only ("Settlement Class"); (5) provisionally appointing Plaintiff as representative of the Settlement Class; and (6) provisionally appointing Joseph J. Siprut and Siprut PC as Class Counsel.

## I.    INTRODUCTION

Plaintiff and Defendant DISH Network L.L.C. ("DISH") (collectively, the "Parties") have entered into a Settlement Agreement in the above-referenced matter. (Exhibit 1 hereto.) The Settlement Agreement – a product of extensive negotiations and multiple mediation sessions with Judge Mary M. Rowland – settles the dispute relating to DISH's policies for the retention of Personally Identifiable Information ("PII").

Plaintiff believes that the claims asserted in the Action have merit.  Nonetheless, Plaintiff and Plaintiff's Counsel recognize and acknowledge the expense and length of continued prosecution of the Action against DISH through trial and any subsequent appeals. Plaintiff and Plaintiff's Counsel have also taken into account the uncertain outcome and risks of any litigation, especially in complex actions, as well as the difficulties and delays inherent in such litigation.

Based upon extensive analysis of facts and the law applicable to the claims in this Action, and taking into account the burdens and expense of such litigation – including the risks and uncertainties associated with protracted trial and appeals – as well as the fair, cost-effective and assured method of resolving the claims of the Settlement Class, Plaintiff and Plaintiff's Counsel

have concluded that the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and that it is in the best interests of the Settlement Class to settle the claims raised in the Action pursuant to the terms and provisions of the Settlement as it will promptly provide them with injunctive relief.

Although both sides believe their respective positions in the action are meritorious, they have concluded that, due to the uncertainties and expense of protracted litigation, it is in the best interest of Plaintiff, the putative Settlement Class, and DISH to resolve this action on the terms provided in the proposed Settlement Agreement attached hereto.

## II.     PROCEDURAL HISTORY

A.     On September 13, 2012, Plaintiff brought a putative class action against DISH in the United States District Court for the Northern District of Illinois, case number 1:12-cv-07350, alleging causes of action against DISH for purportedly failing to notify its customers that their PII was being retained and to properly destroy such information in accordance with federal and state law.

B.     In his original Complaint, Plaintiff alleged causes of action for (1) violations of the Satellite Home Viewer Extension and Reauthorization Act, 47 U.S.C. § 338, *et seq.* ("SHVERA"); (2) violations of the Illinois Cable and Video Customer Protection Law, 220 ILCS § 5/22-501 ("Cable and Video Law"); and (3) breach of implied contract. Plaintiff claimed federal subject matter jurisdiction pursuant to the Court's original jurisdiction over civil actions arising under the laws of the United States, as well as the Class Action Fairness Act of 2005. Plaintiff also claimed the Court had supplemental jurisdiction over his state statutory and common-law claims pursuant to 28 U.S.C. § 1367. Plaintiff's Complaint sought monetary damages and injunctive relief, among other relief.

**C.**    On November 16, 2012, DISH moved to dismiss Plaintiff's Complaint for failure to state a claim under SHVERA. On July 19, 2013, the Court issued an order granting in part, and denying in part DISH's motion. The Court dismissed Plaintiff's state law and common law claims entirely, but allowed Plaintiff to proceed with his claims for injunctive relief under SHVERA.  Plaintiff moved for leave to file an interlocutory appeal, but his motion was denied.

**D.**    On August 22, 2013, DISH answered Plaintiff's Complaint, alleging, *inter alia*, that as a result of the Court's Order dismissing several of the causes of action, DISH was required only to answer the allegations related to Plaintiff's claim for injunctive relief under SHVERA, and as to that claim, that it did not violate any of Plaintiff's rights under the statute and was protected by numerous affirmative defenses.

**E.**    The Parties conducted extensive formal and informal discovery in this matter, including exchanging interrogatories and requests for production. The Parties also held a 37.2 conference on March 6, 2014, to address additional discovery issues.

**F.**    On September 24, 2013, the Parties appeared before the Honorable Mary M. Rowland for a settlement conference. Despite the Parties' best efforts, the parties were not able to come to a mutually agreeable conclusion at that date.

**G.**    On April 11, 2014, the Parties again appeared before the Honorable Judge Rowland for a settlement conference.

**H.**    Although no settlement was reached, the Parties continued their dialogue while they simultaneously pursued discovery.

**I.**    After nearly three more months spent negotiating and finalizing the details of the settlement, all material terms were finally agreed upon by the parties in early July 2014 – meaning the settlement agreement was the product of *nine months* of negotiations.

### III.   THE PROPOSED SETTLEMENT

The proposed settlement provides the following:

#### A. Certification of the Proposed Settlement Class

The Plaintiff requests that the Court, for the purposes of settlement, certify a Settlement

Class defined as:

> All former subscribers to DISH television services during the Class Period who, at any time during the Class Period, provided DISH with their: (1) name; (2) home address and/or billing address; (3) telephone number(s); (4) credit card number, debit card number, and/or bank account information ("Payment Information"); (5) social security number; (6) date of birth; and/or (7) e-mail address(es) (collectively "Personally Identifiable Information" or "PII"), which information was entered into DISH's business records and retained by DISH for more than 12 months after the resolution of all open items pertaining to any account maintained by that subscriber. PII that exists or is referenced only in recorded telephone calls is not deemed to be part of DISH's business records or subject to the Settlement Agreement.

#### B. Class Relief

The Settlement establishes the following injunctive relief for the Settlement Class:[1]

1.   DISH may retain PII provided to it by former subscribers in its databases for as long as there are open items (e.g., balances due, credit balances, unreturned or damaged equipment, unresolved customer complaints, etc.) in any DISH account maintained by a subscriber. All personal information that DISH retains in encrypted form will remain encrypted until purged, subject to access, as necessary, by authorized DISH representatives;

2.   DISH may retain all PII provided to it by former subscribers for two (2) years following a subscriber's termination of DISH services for, among other lawful reasons, the purpose of identifying customers who are eligible for DISH's new subscriber promotions;

3.   Two (2) years after a former subscriber's last account disconnect date, provided there are no open items, DISH shall purge former subscribers' social security number information from its CSG database and business records;

---

[1] All defined terms in this brief are intended to have the definitions assigned to them in the Settlement Agreement.

4.      Two (2) years after a former subscriber's last payment transaction date, provided there are no open items, DISH shall purge former subscribers' Payment Information from its CSG database and business records;

5.      Other than social security number information and Payment Information, as provided for in paragraphs (c) and (d), DISH may retain all PII provided by former customers for three (3) years following a subscriber's termination of DISH services for, among other lawful reasons, statute-of-limitations purposes in connection with potential claims against DISH by former subscribers;

6.      Three (3) years after a subscriber's termination of DISH services, provided there are no open items, DISH shall remove and purge the names associated with former subscribers' account information such that the remaining information is no longer personally identifiable. DISH may retain this remaining information in its business records on an anonymous basis, organized by address/zip code/geocode, for seven (7) years following a subscriber's termination of DISH services for, among other lawful reasons, the purpose of complying with tax and programming audits.   DISH may retain former subscribers' address information, disassociated from its former subscribers' names or other account information, indefinitely;

7.      Notwithstanding the foregoing, DISH may retain all former subscriber PII for so long as required pursuant to litigation holds or with respect to anticipated or ongoing government investigations or audits;

8.      DISH shall modify its Privacy Policy in accordance with the terms of the injunction and shall post its modified Privacy Policy on its website within sixty (60) days of the effective date of the Court's order;

9.      DISH shall be bound by the terms of this injunction for a period of four (4) years from the entry of this Final Judgment.

10.     DISH may apply to the Court for relief from the requirements of this injunction for good cause shown.

The Settlement is thus designed to afford relief to all of the Settlement Class.

## C.  Class Notice

Subject to the Court granting preliminary approval of the Settlement and Settlement Agreement, DISH and Class Counsel will provide the Settlement Class with notice of the proposed settlement by the following methods.

- **Settlement Website**. No later than fourteen (14) Days after the entry of the Preliminary Approval Order, Class Counsel will create the Settlement Website, to include relevant documents and information related to this Settlement, such as the following: applicable deadlines; Class Notice; orders of the Court pertaining to the Settlement; the Settlement Agreement; and contact address for questions.

- **Published Notice.** Subject to the Preliminary Approval Order, DISH shall cause the Class Notice to be published in the USA Today newspaper on two consecutive Mondays. Such publication will be completed within forty (40) days after entry of the Preliminary Approval Order. (The written notice is attached as Exhibit C to the Settlement Agreement.)

### D. Service Awards to Class Representative

Subject to Court approval, the class representative will request a service award of $5,000 in recognition of his contributions to the Class and the risk he incurred in commencing the action, both financial and otherwise.

### E. Attorneys' Fees and Expenses

The Parties have agreed that DISH will not oppose Class Counsel's request for total fees and expenses in the amount of $145,000. The Court does <u>not</u> need to award or otherwise rule on Class Counsel's fees at this time. Class Counsel will file a motion for attorneys' fees separately, pursuant to the schedule in the Proposed Preliminary Approval Order.

## IV. THE PROPOSED SETTLEMENT IS FAIR AND SHOULD BE PRELIMINARILY APPROVED.

The proposed settlement is fair and reasonable. The settlement provides substantial benefits to the Settlement Class by ordering DISH to purge certain personally identifiable information in a staggered schedule, which accounts for both the customer's privacy interests and the businesses' legal, regulatory and business interests. The settlement accomplishes this while avoiding both the uncertainty and the delay that would be associated with further litigation. It

represents a fair compromise of the parties' respective positions in the litigation, and enables each party to end the litigation and avoid its costs and risks. Finally, the settlement was reached through arm's length negotiations, and Class Counsel supports the resulting settlement as fair and as providing reasonable relief to the members of the Settlement Class.

V.

A.     **The Proposed Settlement Satisfies The Fairness Criteria.**

Both judicial and public policies strongly favor the settlement of class action litigation. *Isby v. Bayh*, 75 F.3d 1191, 1198 (7th Cir. 1996). Although the standards to be applied at the preliminary approval stage "are ultimately questions for the fairness hearing that comes after a court finds that a proposed settlement is within approval range, a more summary version of the same inquiry takes place at the preliminary phase." *Kessler v. Am. Resorts Int'l*, 2007 WL 4105204, at *5 (N.D. Ill. Nov. 14, 2007) (citing *Armstrong v. Board of Sch. Dirs. of City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980)). The factors considered at this stage include: (i) the strength of the plaintiff's case compared to the amount of the settlement; (ii) an assessment of the likely complexity of trial; (iii) the length and expense of the litigation; (iv) the amount of opposition to settlement among affected parties; (v) the opinion of counsel; and (vi) the stage of the proceedings and amount of discovery completed. *Kessler*, 2007 WL 4105204, at *5 (citing *Isby*, 75 F.3d at 1199).

1.     **Strength of the Case**

Plaintiff alleges causes of action against DISH for (1) violations of the Satellite Home Viewer Extension and Reauthorization Act, 47 U.S.C. § 338, *et seq.* ("SHVERA"); (2) violations of the Illinois Cable and Video Customer Protection Law, 220 ILCS § 5/22-501 ("Cable and Video Law"); and (3) breach of implied contract. Plaintiff claimed federal subject matter jurisdiction pursuant to the Court's original jurisdiction over civil actions arising under the laws of the United States, as well as the Class Action Fairness Act of 2005. Plaintiff contends that

DISH retained personally identifiable information ("PII") of customers and failing to notify customers that DISH was retaining such information. As Ordered by this Court in its July 19, 2013, Memorandum Opinion and Order granting in part Defendant's Motion to Dismiss, Plaintiff sought to keep DISH from retaining PII in violation of SHVERA through injunctive relief.

DISH denies any wrongdoing whatsoever, and it has denied and continues to deny that it committed, threatened, or attempted to commit, any of the wrongful acts or violations of law or duty that are alleged in the Action, and instead contends that it has acted properly. In addition, DISH maintains that it has meritorious defenses to the claims alleged in the Action and was prepared to vigorously defend the Action. Indeed, DISH succeeded in its motion to dismiss, which resulted in the dismissal of most of Plaintiff's claims, as well as any right to seek monetary damages. This significantly reduced the strength of Plaintiff's case and undermined any basis for monetary relief for settlement. Plaintiff's appeal of that decision was also denied.

One of the principal factors the Court considers in the course of preliminary approval is "the strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985) *on reh'g sub nom. Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682 (7th Cir. 1986). In doing so, however, "courts should refrain from resolving the merits of the controversy or making a precise determination of the parties' respective legal rights." *In re AT & T Mobility Wireless Data Services Sales Litig.*, 270 F.R.D. 330, 346 (N.D. Ill. 2010) (internal quotations omitted). Moreover, "[b]ecause the essence of settlement is compromise, courts should not reject a settlement solely because it does not provide a complete victory to the plaintiffs." *Id.* (internal quotations omitted). Rather, an integral part of the Court's strength-versus-merits evaluation "is a consideration of the various risks and costs that accompany continuation of the litigation." *Donovan*, 778 F.2d at 309.

Although Plaintiff and proposed Class Counsel are confident in the strength of their claims, they recognize that litigation is inherently risky and that, if the litigation were to proceed, DISH would raise several colorable defenses, making this Settlement and the injunctive relief secured by it, all the more reasonable. DISH would also argue that it has not retained any former subscribers' PII longer than necessary for the purpose for which it was collected in violation of any applicable statutes. DISH's factual and legal defenses to Plaintiff's claims counsels in favor of avoiding the risks inherent in litigation.

As explained above, the Settlement provides injunctive relief to correct the retention policies the Action was brought to address. Importantly, all of the Settlement Class will receive this benefit. Plaintiff's Complaint sought to ensure the proper maintenance of Plaintiff's and other Class members' PII. The injunctive measures effectuated by the Settlement provide a tangible benefit to all those affected by the DISH's retention policies, apply equally to all Settlement Class members, and achieves Plaintiff's primary objectives in filing suit.

## 2. Complexity, Length, Risk & Expense of Litigation

Settlement avoids the risks, delays, expense and complexities of continuing litigation and will produce a prompt, certain, and substantial recovery for the class. Due to the nature of Plaintiff's case, the expense, duration, and complexity of protracted litigation would be substantial. This case involves complex technical issues, including issues pertaining to data retention and storage, as well as complex legal issues regarding interpretation and application of statutory requirements regarding retention and use of customer data. Trial will necessarily require an examination of experts – presented by both Parties – as well as an examination of Plaintiff and a number of DISH's current and former employees. In addition, DISH intends to assert a number of affirmative defenses that it contends bar Plaintiff's claim in whole or in part. The uncertainty as to whether these affirmative defenses apply in this case creates substantial

risk for both sides. Significant costs would be incurred for expert witnesses, technical consultants, and myriad other costs necessitated by the trial of a nationwide class action. Plaintiff and proposed Class Counsel also recognize that the expense, duration, and complexity of protracted litigation would be substantial, and require further briefing on numerous substantive issues, evidentiary hearings, and further discovery and the gathering of evidence and witnesses. As such, the substantial and prompt relief provided to the Settlement Class under the Settlement compared to the inherent risk of continued litigation, trial, and appeal, weighs heavily in favor of approval.

### 3. The Opinion of Counsel

"The opinion of competent counsel is relevant to the question whether a settlement is fair, reasonable, and adequate under Rule 23." *Schulte v. Fifth Third Bank*, 805 F. Supp. 2d 560, 586-87 (N.D. Ill. 2011); *see also Armstrong v. Board of Sch. Dirs. of Milwaukee*, 616 F.2d 305, 325 (7th Cir. 1980) (noting that views of counsel are to be accorded deference). Here, Class Counsel has extensive experience in consumer class actions and complex litigation. (Siprut Aff., ¶ 13, attached as Exhibit 2 hereto.) Based upon proposed Class Counsel's analysis and the information obtained from DISH, the injunctive relief represents a significant recovery for the Settlement Class, especially when weighed against DISH's anticipated defenses and the inherent risks of litigation. Class Counsel believes that the Settlement is beneficial to the Settlement Class and meets the class-certification requirements of Rule 23.

### 4. Stage of the Proceedings and Extent of Discovery

Based upon information exchanged by the Parties, Plaintiff believes he possesses the evidence needed to establish his *prima facie* case. DISH has provided Plaintiff with information relating to DISH's policies and practices involving PII retention. As such, counsel for each party

-10-

has sufficient information to assess the strengths, weaknesses, and likely expense of taking this case to trial.

While the Parties have exchanged information critical to evaluating the strength of Plaintiff's contentions (and DISH's defenses), the amount of discovery taken is not a prerequisite to a class action settlement. Courts have noted that, "the label of 'discovery' [either formal or informal] is not what matters. Instead, the pertinent inquiry is what facts and information have been provided." *Schulte*, 805 F. Supp. 2d at 587 (internal citation omitted). *See also in re Corrugated Container Antitrust Litigation,* 643 F.2d 195, 211 (5th Cir. 2010) ("It is true that very little formal discovery was conducted and that there is no voluminous record in the case. However, the lack of such does not compel the conclusion that insufficient discovery was conducted." (emphasis omitted)). Here, information more than sufficient to make a reasonable and informed decision has been procured, meaning that there was a reasonable, informed basis to evaluate the Settlement.

Moreover, Class Counsel's investigation into DISH's data retention practices, coupled with counsel's particularized knowledge in this space resulting from its involvement in class action litigation against other industry actors, fully informed Plaintiff's decision to accept a settlement. Approval at this stage of the proceedings is further justified by the fact that implementing the injunctive relief contemplated by the Settlement means that Plaintiff's and other class members' PII will be immediately protected and safeguarded going forward. Hence, the timing of the Settlement warrants approval.

### 5. Presence of Governmental Participants

Although there is no governmental entity participating in this matter as of this time, full and complete notice is being provided to all appropriate state and federal authorities. DISH will

provide such notice which will include all appropriate information and documents required by the Class Action Fairness Act, 28 U.S.C. § 1715(b).

## VI. THE SETTLEMENT CLASS SHOULD BE PROVISIONALLY CERTIFIED; THE FORM AND METHOD OF NOTICE TO THE CLASS MEMBERS SHOULD BE APPROVED; AND, A HEARING REGARDING FINAL APPROVAL OF THE SETTLEMENT SHOULD BE SCHEDULED.

### A. The Settlement Class Should be Provisionally Certified.

Before preliminary approval of a class action settlement can be granted, the Court must determine that the proposed class is appropriate for certification. *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997); MANUAL FOR COMPLEX LITIGATION (Fourth) § 21.632. In determining whether to certify a class, the Court does not inquire into the merits of the plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). Federal Rule of Civil Procedure 23(a) provides that a class may be certified if (i) the class is so numerous that joinder of all members is impractical, (ii) there are questions of law or fact common to the class, (iii) the claims or defenses of the representative parties are typical of those of the class, and (iv) the representative parties will fairly and adequately protect the interests of the class. Fed. R. Civ. P. 23(a); *Williams v. Chartwell Fin. Serv., Ltd*., 204 F.3d 748, 760 (7th Cir. 2000).

Once the requirements of Rule 23(a) have been met, the proposed class must then satisfy at least one of the three subsections of Rule 23(b). *Amchem*, 521 U.S. at 614. In this case, Plaintiff seeks certification of the Settlement Class under Rule 23(b)(2), which requires that the party opposing the class acted or refused to act on grounds that apply generally to the whole class, making appropriate final injunctive relief with respect to the class as a whole. Fed. R. Civ. P. 23(b)(2); *Adams v. R.R. Donnelley & Sons*, 98 C 4025, 2001 WL 336830, at *16 (N.D. Ill. Apr. 6, 2001).

As discussed further below, the proposed Settlement Class meets each of the requirements of Rules 23(a) and (b), and therefore, certification is appropriate.[2]

### 1.  Numerosity — Federal Rule of Civil Procedure 23(a).

Rule 23(a)'s first requirement, numerosity, is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). To satisfy this requirement there is no specific number required, nor is a plaintiff required to state the exact number of potential class members. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006). *See also* 3 Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 7.20, 66 (4th ed. 2001). Instead, courts are permitted "to make common-sense assumptions that support a finding of numerosity." *Maxwell v. Arrow Fin. Servs., LLC*, 2004 WL 719278, at *2 (N.D. Ill. March 31, 2004). Generally, where the membership of the proposed class is at least 40, joinder is impracticable and the numerosity requirement is met. *Pope v. Harvard Banchares, Inc.*, 240 F.R.D. 383, 387 (N.D. Ill. 2006).

DISH has more than 14 million residential and commercial customers across the U.S. (DISH's Am. Answer at 8.)  In this case, at least thousands of individuals were former customers of DISH and were thus affected by DISH's PII retention policies**.**  Accordingly, the Settlement Class satisfies the numerosity requirement. *See* NEWBERG ON CLASS ACTIONS § 3:5, 243-46 (4th ed. 2002) ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands. . . In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met.").

---

[2]  As detailed in the Settlement Agreement, DISH does not oppose the request for class certification solely for the purposes of settlement.  DISH does, however, reserve the right to assert any and all defenses if the case were not to settle.

### 2.    Commonality— Federal Rule of Civil Procedure 23(a)(2).

The commonality element requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Courts recognize that there may be factual differences between class members, but "factual variations among class members' claims" do not themselves "defeat the certification of a class." *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980), *cert. denied*, 451 U.S. 914 (1980); *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir. 1992), *cert. denied*, 506 U.S. 1051 (1993). In fact, the threshold for commonality is not high. *Scholes v. Stone, McGuire, & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992). Rather, commonality exists if a common nucleus of operative fact exists, even if as to one question of law or fact. *Whitten v. ARS Nat'l Servs. Inc.*, 2001 WL 1143238, *3 (N.D. Ill. Sept. 27, 2001) (commonality is often found where "defendants have engaged in standardized conduct toward the members of the proposed class."). *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011) (stating that "commonality requires that the claims of the class simply "depend upon a common contention . . . of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.")

As alleged in Plaintiff's Complaint, the Settlement Class shares common questions of fact and law that predominate over issues affecting only individual members of the Settlement Class. Those common factual and legal issues for the Settlement Class include (a) whether DISH failed to properly notify its customers that their PII was being retained and whether DISH properly destroyed such PII in accordance with federal and state law; and (b) whether Plaintiff and other class members are entitled to injunctive relief.  Thus, considering the nature of the issues and facts that bind each Class member together, commonality is satisfied.

### 3.     Typicality — Federal Rule of Civil Procedure 23(a)(3).

Rule 23 also requires that a plaintiff's claims be typical of other class members' claims. Fed. R. Civ. P. 23(a)(3). The typicality requirement is closely related to the commonality requirement and is satisfied if the plaintiff's claims arise from "the same event or practice or course of conduct that gives rise to the claims of other class members and…are based on the same legal theory." *Radmanovich v. Combined Ins. Co. of Am.*, 216 F.R.D. 424, 432 (N.D. Ill. 2003) (internal quotations omitted). The existence of factual differences will not preclude a finding of typicality. *Id.* "Typicality does not mean identical, and the typicality requirement is liberally construed." *In re Neopharm, Inc. Securities Litigation*, 225 F.R.D. 563, 566 (N.D. Ill. 2004) (citation omitted).

Here, Plaintiff and the Settlement Class were former subscribers to DISH television services who had their PII retained by DISH for over 12 months after termination of the services, as well as  the resolution of all open items pertaining to any account maintained by that subscriber. Moreover, there are no defenses that pertain to Plaintiff that would not also pertain to the Settlement Class. Accordingly, Plaintiff's claims are typical of the other Settlement Class members' claims.

### 4.     Adequacy of Representation — Federal Rule of Civil Procedure 23(a)(4).

The final Rule 23(a) prerequisite requires that a proposed class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To satisfy the adequacy requirement, class representatives must establish that: (i) their claims are not in conflict with those of the proposed class, (ii) they have sufficient interests in the outcome of the case, and (iii) they are represented by experienced, competent counsel. *Hinman v. M and M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 807 (N.D. Ill. 2008). Furthermore, proposed class counsel must be

competent and have the resources necessary to sustain the complex litigation necessitated by class claims; it is persuasive evidence that proposed class counsel have been found adequate in prior cases. *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987).

Here, Plaintiff's interests are consonant with the interests of the Settlement Class– obtaining relief from DISH for its PII retention policies, and ensuring that DISH destroys retained PII after an appropriate period of time. Plaintiff has no interests antagonistic to the interests of the other Settlement Class members. (Siprut Aff., ¶ 14.) Moreover, Plaintiff's counsel are well respected members of the legal community, have regularly engaged in major complex litigation, and have significant experience in consumer class actions involving similar issues, scope, and complexity. (*Id.* at ¶ 13; *See* Siprut Firm Resume (attached as Exhibit A to the Siprut Affidavit).) Accordingly, Plaintiff and his counsel would adequately represent the proposed Settlement Class.

### 5. Class-wide Applicability — Federal Rule of Civil Procedure 23(b)(2).

In addition to satisfying Rule 23(a), a plaintiff seeking certification must satisfy one of the provisions of Rule 23(b). Rule 23(b)(2) provides that a class action is appropriate if the party opposing the class has acted or refused to act on grounds that apply generally to the class, thereby making appropriate final injunctive relief or declaratory relief to the class as a whole. *Adams*, 98 C 4025, 2001 WL 336830, at *16. Furthermore, Rule 23(b)(2) relief is "well suited to pattern-or-practice suits." *Jefferson v. Ingersoll Intern, Inc.*, 195 F.3d 894, 897 (7th Cir. 1999).

The "key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 131 S.Ct. at 2557. In other words, "Rule 23(b)(2) applies only when a single injunction or declaratory judgment

would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment against the defendant." *Id.* On these criteria, certification of a class under Rule 23(b)(2) is appropriate here.

In this case, the Settlement Class, as a whole, has been subjected to DISH's same policies and practices regarding its retention and storage of former subscriber PII. As such, the entire Settlement Class was subject to DISH's "pattern-or-practice" by which it retained PII for over 12 months after the resolution of all open items pertaining to any account maintained by a former subscriber. Accordingly, DISH has acted or refused to act on grounds generally applicable to the class, satisfying the requirements of Rule 23(b)(2), and injunctive relief is appropriate for the class as a whole. The relief here provides equal benefit to Plaintiff and each putative Settlement Class member, and no individual member is entitled to benefits in a manner different from the others. Certification under Rule 23(b)(2) is proper.

## B. The Form and Method of Service of Class Notice Should Be Approved.

"When the parties reach a settlement agreement before a class determination and seek to stipulate that the settlement will have class wide scope, a class notice must be sent to provide absent class members with certain basic information so that they have an opportunity to consider the terms of the settlement." 2 NEWBERG, section 11.30, p. 11-62-11-63. For 23(b)(2) classes, the court may direct appropriate notice to the class in a "reasonable manner". *See* Fed. R. Civ. P. 23(c)(2)(A); 26(e)(1). However "Rule 23(b)(2) authorizes a no-notice and no-opt-out class for final injunctive relief that operates with respect to the class as a whole." *Jefferson*, 195 F.3d at 897; *Adams*, 98 C 4025, 2001 WL 336830, at *16 (stating that Rule 23(b)(2) "provides that a class may be certified without giving the members notice and an opportunity to opt out").

Here, despite the fact that Rule 23(b)(2) provides for certification without notice or an opportunity to opt out, the Parties have agreed to a proposed notice plan that is both "reasonable" and "appropriate" under Rules 23(c)(2)(A) and 26(e)(1), and provides:

1.      A brief summary of the claims alleged in the action;

2.      An explanation of the proposed terms of the Settlement and the injunctive relief afforded to Settlement Class members are entitled to receive under the Settlement Agreement;

3.      An explanation of the right to object to Settlement within given time-frames and subject to certain requirements;

4.      An explanation that members of the Settlement Class do not have to take any action to receive the proposed injunctive relief;

6.      An identification of Class Counsel and a means for making inquiries thereof.

Thus, even though notice is not required, the proposed Settlement provides for Internet posting and publication in USA Today. These notice methods are reasonably calculated to reach the class members who would be bound by the settlement and should be approved.

**C.      The Court Should Schedule A Hearing For Final Settlement Approval.**

Following notice to the Settlement Class, a Fairness Hearing is to be held on the proposed settlement. MANUAL FOR COMPLEX LITIGATION, § 21.633. Accordingly, Plaintiff, by proposed Class Counsel, respectfully requests that the Court schedule a hearing on final approval of the Settlement to be held no earlier than 100 Days after entry of the Preliminary Approval Order. The hearing on the final settlement approval should be scheduled now so that the date can be disclosed in the class notice.

## VII.    CONCLUSION

Based upon the foregoing, and because the proposed Settlement is fair, reasonable, and advantageous to the proposed Settlement Class, Plaintiff respectfully requests that the Court enter an Order:

A.    Preliminarily approving the Settlement as being fair, reasonable, and adequate;

B.    Preliminarily approving the Class Notice attached as Exhibits A-C to the Settlement Agreement;

C.    Setting the date and time of the Fairness Hearing to be held no earlier than 100 Days after entry of the Preliminary Approval Order;

D.    Provisionally certifying the proposed Class under Rule 23(b)(2) of the Federal Rules of Civil Procedure for settlement purposes only;

E.    Appointing Plaintiff as Class representative;

F.    Appointing Joseph J. Siprut and Siprut PC as Class Counsel; and

G.    Such other and further relief the Court deems just and proper.

Dated: September 2, 2014                       Respectfully submitted,

                                               RAY PADILLA, individually and on behalf
                                               of all others similarly situated


                                               By:    _/s/ Joseph J. Siprut_____
                                                   Attorney for Plaintiff And
                                                   The Proposed Settlement Class

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Gregory W. Jones
*gjones@siprut.com*
**SIPRUT PC**
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.267.1906
www.siprut.com

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Plaintiff's Motion for Preliminary Approval of Class Action Settlement** was filed this 2nd day of September, 2014, via the electronic filing system of the United States District Court for the Northern District of Illinois, which will automatically serve all counsel of record.

*/s/ Joseph J. Siprut*
Joseph J. Siprut

4813-5282-3324, v. 1