U.S. DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| RAY PADILLA, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br><br><br>DISH NETWORK L.L.C.,<br><br>Defendant. | Case No. 1:12-CV-07350<br><br>Hon. Robert M. Dow, Jr.<br><br>Magistrate Judge Hon. Nan R. Nolan. |

## PRELIMINARY APPROVAL ORDER

This matter having come before the Court on Plaintiff's motion for preliminary approval of a proposed class action settlement of the above-captioned action (the "Action") between Plaintiff Ray Padilla ("Plaintiff") and Defendant DISH Network L.L.C. ("DISH" or "Defendant"), set forth in the Settlement Agreement between Plaintiff and Defendant (the "Settlement Agreement"), and the Court having duly considered the papers and arguments of counsel, the Court hereby finds and orders as follows:

Unless defined herein, all capitalized terms in this Order shall have the same meanings as set forth in the Settlement Agreement.

The Court has conducted a preliminary evaluation of the settlement set forth in the Settlement Agreement for fairness, adequacy, and reasonableness. Based on this preliminary evaluation, the Court finds that there is probable cause to believe that the settlement is fair, reasonable and adequate, and has been negotiated at arms' length between experienced attorneys familiar with the legal and factual issues of this case, who have diligently investigated and prosecuted this matter. Therefore, the Court grants preliminary approval of the settlement.

This Court preliminarily finds, for the purposes of settlement only, that the Action meets all the prerequisites of Rule 23 of the Federal Rules of Civil Procedure, including numerosity, commonality and typicality, that the Class Representative adequately represents the Settlement Class, and that Class Counsel are adequate to represent the Settlement Class.

The following Settlement Class is conditionally and preliminarily certified for settlement purposes only:

> All former subscribers to DISH television services during the Class Period who, at any time during the Class Period, provided DISH with their: (1) name; (2) home address and/or billing address; (3) telephone number(s); (4) credit card number, debit card number, and/or bank account information ("Payment Information"); (5) social security number; (6) date of birth; and/or (7) e-mail address(es) (collectively "Personally Identifiable Information" or "PII"), which information was entered into DISH's business records and retained by DISH for more than 12 months after the resolution of all open items pertaining to any account maintained by that subscriber. PII that exists or is referenced only in recorded telephone calls is not deemed to be a part of DISH's business records.

For settlement purposes only, the Court hereby preliminarily approves the appointment of Plaintiff Ray Padilla as Class Representative.

For settlement purposes only, the Court hereby preliminarily approves the appointment of the following Class Counsel:

> **SIPRUT PC**
> Joseph J. Siprut
> Gregg M. Barbakoff
> 17 N. State Street
> Suite 1600
> Chicago, Illinois 60602

If final approval of the settlement is not obtained, this certification order, including the above description of the Settlement Class and appointment of the Class Representative and Class

Counsel, shall be vacated and this action shall proceed as though the certification and appointments never occurred.

Pending final determination of whether the settlement should be approved, neither Plaintiff nor any member of the Settlement Class, whether directly, indirectly, representatively, or in any other capacity, shall commence or prosecute any action or proceeding in any court or tribunal asserting any of the claims herein against DISH.

The Court approves the proposed plan for giving notice to the Settlement Class by publishing the Class Notice, attached to the Settlement Agreement as Exhibit C, in the USA Today newspaper on two (2) consecutive Mondays, as more fully described in the Settlement Agreement. The plan for giving notice, in form, method, and content, constitutes reasonable, appropriate and sufficient notice to all Persons within the definition of the Settlement Class under the circumstances, and fully complies with the requirements of due process and of all applicable statutes and laws. DISH shall cause the publication described in this paragraph to be completed no later than forty (40) days after the entry of this Order.

The date by which Defendant shall cause the Class Notice to be published may be subject to change by stipulation of the parties and approval of the Court. If the Class Notice publication date is changed, all other agreed-upon dates will be changed accordingly.

On December 18, 2014 at 9:15 a.m., this Court will hold a Fairness Hearing on the fairness, adequacy, and reasonableness of the Settlement Agreement, and to determine whether Final Judgment approving the settlement and dismissing all claims asserted in the litigation with prejudice should be entered. The Fairness Hearing may be postponed, adjourned, or rescheduled by order of the Court without further notice to the members of the Class. No later than fourteen (14) days prior to the Fairness Hearing, Plaintiff must file his papers in support of

final settlement approval and in response to any objections, as well as Class Counsel's application for attorneys' fees and expenses.

Objections by any Settlement Class Member to the Settlement Agreement shall be heard by the Court at the Fairness Hearing. Written objections shall (1) be filed with the Clerk of the United States District Court, Northern District of Illinois, with a copy postmarked to Class Counsel identified in the Class Notice no later than seventy-five (75) days after the entry of this Order, (2) describe the objection and its basis, (3) include the objector's full name, address, and telephone number, and (4) if the objecting Settlement Class Member is represented by separate counsel, identify his, her or its attorney. A Settlement Class Member need not appear at the Fairness Hearing in order for his, her, or its written objection to be considered, and the filing of a written objection is not a precondition to speak at the Fairness Hearing. Any Settlement Class Member who fails to object in the manner prescribed herein shall be deemed to have waived his or her objections and will forever be barred from making any such objections in this action or in any other action or proceeding.

Class Counsel shall file any application for an award of attorneys' fees and costs and for incentive payments to the named Plaintiff ("Fee Application") no later than fourteen (14) days prior to the Fairness Hearing. The hearing on the Fee Application shall be set for the same date as the Fairness Hearing.

Counsel for the parties shall file any memoranda, declarations, or other statements and materials in support of final approval of the Settlement Agreement (the "Motion for Final Approval of the Settlement Agreement") no later than fourteen (14) days prior to the Fairness Hearing.

Counsel for the parties shall file any reply papers in support of the parties' Motion for Final Approval of the Settlement Agreement and in response to any objections from Settlement Class Members no later than seven (7) days prior to the Fairness Hearing.

Class Counsel shall file any reply papers in support of its Fee Application and in response to any objections from Settlement Class Members no later than seven (7) days prior to the Fairness Hearing.

The settlement on the terms and conditions of the Settlement Agreement filed concurrently with the parties' joint motion for preliminary approval is hereby preliminarily approved, but is not to be deemed an admission of liability or fault by Defendant or by any other party or person, or a finding of the validity of any claims asserted in the litigation or of any wrongdoing or of any violation of law by Defendant or any other party or person. The settlement is not a concession and shall not be used as an admission of any fault or omission by Defendant or any other party or person.

Counsel for the parties are hereby authorized to utilize all reasonable procedures in connection with the administration of the settlement that are not materially inconsistent with either this Order or the terms of the Settlement Agreement.

The certification of the Settlement Class shall be binding only with respect to the settlement of the Action. In the event that the Settlement Agreement is terminated pursuant to its terms or is not approved in all material respects by the Court, or such approval is reversed, vacated, or modified in any material respect by this or any other court, the certification of the Settlement Class shall be deemed vacated, the Action shall proceed as if the Settlement Class had never been certified (including the preservation of Defendant's right to oppose any subsequent motion for class certification), and no reference to the Settlement Class, the Settlement

Agreement, or any documents, communications, or negotiations related in any way thereto shall be made for any purpose.

Summary of Dates and Deadlines:

| | |
|---|---|
| Last day to publish Class Notice: | Forty (40) days after the entry of this Order |
| Last day to file (1) Motion for Final Approval and (2) Fee Application: | Fourteen (14) days prior to the Fairness Hearing |
| Last day for Class Members to file comments and objections to the Motion for Final Approval: | Seventy-five (75) days after the entry of this Order |
| Last day for the parties to file replies to any class member objections to the Motion for Final Approval: | Seven (7) days prior to the Fairness Hearing |
| Fairness Hearing: | December 18, 2014, at 10:00a.m. |

**IT IS SO ORDERED.**

DATED: September 4, 2014

_____
HON. ROBERT M. DOW, JR.
UNITED STATES DISTRICT JUDGE

**We so move and agree to abide by the terms of this Order.**

DATED: September 2, 2014

By: */s/ Richard R. Patch*
Richard R. Patch (CA Bar No. 88049)**
Zuzana S. Ikels (CA Bar No. 208671)**
Katharine T. Van Dusen (CA Bar No. 276021)**
COBLENTZ, PATCH, DUFFY & BASS LLP
One Ferry Building, Suite 200
San Francisco, California 94111-4213
415.391.4800 (phone)
415.989.1663 (fax)
ef-rrp@cpdb.com
ef-zsi@cpdb.com
ef-ktv@cpdb.com
(**Admitted *Pro Hac Vice*)

Henry T. Kelly, Esq.
Catherine E. James, Esq.
Kelley, Drye & Warren LLP
333 West Wacker Drive, 26th Floor
Chicago, IL 60606
312.857.7978 (phone)
hkelly@kelleydrye.com
cjames@kelleydrye.com

Attorneys for Defendant
DISH Network L.L.C.

DATED: Septemeber 2, 2014

                                                By: */s/ Joseph J. Siprut*
                                                      Joseph J. Siprut
                                                       *jsiprut@siprut.com*
                                                      Gregg M. Barbakoff
                                                      *gbarbakoff@siprut.com*
                                                      Gregory W. Jones
                                                      *gjones@siprut.com*
                                                      SIPRUT PC
                                                      17 N. State Street
                                                      Suite 1600
                                                      Chicago, Illinois 60602
                                                      312.236.0000
                                                      Fax: 312.267.1906

                                                      Attorneys for Plaintiff
                                                      RAY PADILLA

4829-8185-5772, v. 1