**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| RAY PADILLA, on behalf of himself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | Case No.  12-CV-7350 |
| v. | ) ) | Hon. Robert M. Dow, Jr. |
| DISH NETWORK L.L.C, | ) ) | Magistrate Judge Rowland |
| Defendant. | ) ) | |

**PLAINTIFF'S MOTION FOR FINAL APPROVAL
OF CLASS ACTION SETTLEMENT**

Submitted by:

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Gregory W. Jones
*gjones@siprut.com*
**SIPRUT PC**
17 N. State Street
Suite 1600
Chicago, Illinois  60602
312.236.0000
Fax: 312.267.1906
www.siprut.com

*Attorneys for Plaintiff and the
Settlement Class*

## TABLE OF CONTENTS

I.  INTRODUCTION ........................................................................................................1

II.  PROCEDURAL HISTORY .......................................................................................2

III.  THE SETTLEMENT ..................................................................................................3

    A.  Settlement Class Definition ...............................................................................3

    B.  Benefits to Settlement Class Members ..............................................................4

    C.  Scope of the Release ...........................................................................................5

    D.  Incentive Award to Class Representative ...........................................................5

    E.  Attorneys' Fees and Costs ..................................................................................6

IV.  THE SETTLEMENT CLASS SHOULD BE CERTIFIED BECAUSE IT MEETS ALL THE REQUIREMENTS OF RULE 23 ......................................................................6

    A.  Certification of the Proposed Settlement Class ..................................................6

        1.  Numerosity – Federal Rule of Civil Procedure 23(a)......................................7
        2.  Commonality – Federal Rule of Civil Procedure 23(a)(2).............................8
        3.  Typicality – Federal Rule of Civil Procedure 23(a)(3) ..................................8
        4.  Adequacy of Representation–Federal Rule of Civil Procedure 23(a)(4) ........9
        5.  Class-wide Applicability – Federal Rule of Civil Procedure 23(b)(2)...........10

V.  THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS SETTLEMENT CLASS COUNSEL...................................................................................................11

VI.  THE PROPOSED SETTLEMENT IS FAIR AND SHOULD RECEIVE FINAL APPROVAL ..............................................................................................................12

    A.  Strength of the Case Measured Against the Settlement .......................................13

    B.  The Complexity, Length, and Expense of Continued Litigation ..........................16

    C.  The Amount of Opposition to the Settlement......................................................17

    D.  Competent Counsel's Opinion Favors Approval ..................................................17

    E.  The Stage of the Proceedings and the Amount of Discovery Completed..............18

VII.  THE COURT APPROVED NOTICE PROGRAM SATIFIES DUE PROCESS ............19

## TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Amchem Prods., Inc. v. Windsor,*
521 U.S. 591, 613 (1997) ...................................................................................6

*Carson v. American Brands, Inc.,*
450 U.S. 79 (1981) ...........................................................................................13

*Eisen v. Carlisle & Jacquelin,*
417 U.S. 156 (1974)…………...........................................................................6

*Wal-Mart Stores, Inc. v. Dukes,*
131 S. Ct. 2541 (2011)..........................................................................8, 10, 11

**UNITED STATES CIRCUIT COURT OF APPEALS CASES**

*Armstrong v. Board of Sch. Dirs. of City of Milwaukee,*
616 F.2d 305 (7th Cir. 1980) ..........................................................................12

*Donovan v. Estate of Fitzsimmons,*
778 F.2d 298 (7th Cir. 1985) ..........................................................................14

*E.E.O.C. v. Hiram Walker & Sons, Inc.,*
768 F.2d 884 (7th Cir. 1985) ......................................................12, 13, 15, 16

*In re Corrugated Container Antitrust Litigation,*
643 F.2d 195 (5th Cir. 2010) ..........................................................................18

*Isby v. Bayh,*
75 F.3d 1191 (7th Cir. 1996) ......................................................12, 16, 17

*Jefferson v. Ingersoll Intern, Inc.,*
195 F.3d 894 (7th Cir. 1999) ..........................................................................10

*Patterson v. Gen. Motors Corp.,*
631 F.2d 476 (7th Cir. 1980) ............................................................................8

*Rosario v. Livaditis,*
963 F.2d 1013 (7th Cir. 1992) ..........................................................................8

*Szabo v. Bridgeport Machines, Inc.,*
249 F.3d 672 (7th Cir. 2001) ............................................................................7

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.,*
463 F. 3d 646 (7th Cir. 2006) ........................................................................13

## UNITED STATES DISTRICT COURT CASES

*Adams v. R.R. Donnelley & Sons*,
2001 WL 336830 (N.D. Ill. Apr. 6, 2001) ...................................................................10

*Gomez v. Ill. State Bd. of Educ.*,
117 F.R.D. 394 (N.D. Ill. 1987)..................................................................................9

*Hinman v. M and M Rental Ctr., Inc.*,
545 F. Supp. 2d 802 (N.D. Ill. 2008) ........................................................................9

*Hispanics United of DuPage Cty. V. Vill. Of Addison, Ill.*,
988 F. Supp. 1130 (N.D. Ill. 1997) .........................................................................12

*In re AT & T Mobility Wireless Data Servs. Sales Tax Litig.*,
789 F. Supp. 2d 935 (N.D. Ill. 2011) ..................................................................14, 17

*In re Mexico Money Transfer Litig.*,
164 F. Supp. 2d 1002 (N.D. Ill. 2000) ....................................................................17

*In re Neopharm, Inc. Securities Litigation*,
225 F.R.D. 563 (N.D. Ill. 2004).................................................................................9

*Maxwell v. Arrow Fin. Servs., LLC*,
2004 WL 719278 (N.D. Ill. March 31, 2004)..............................................................7

*Pope v. Harvard Banchares, Inc.*,
240 F.R.D. 383 (N.D. Ill. 2006).................................................................................7

*Radmanovich v. Combined Ins. Co. of Am.*,
216 F.R.D. 424 (N.D. Ill. 2003).................................................................................9

*Scholes v. Stone, McGuire, & Benjamin*,
143 F.R.D. 181 (N.D. Ill. 1992).................................................................................8

*Schulte v. Fifth Third Bank*,
805 F. Supp. 2d 560 (N.D. Ill. 2011) .......................................................................18

*Smith v. Nike Retail Servs., Inc.*,
234 F.R.D. 648 (N.D. Ill. 2006).................................................................................7

*Whitten v. ARS Nat'l Servs. Inc.*,
2001 WL 1143238 (N.D. Ill. Sept. 27, 2001) .............................................................8

**STATUTES AND FEDERAL RULES**

Fed. R. Civ. P. 23 ................................................................................................ *passim*

**MISCELLANEOUS**

Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS
(4th ed. 2001). ...................................................................................................7

Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS
(4th ed. 2002) ....................................................................................................7

*Manual for Complex Litigation*
(4th ed. 2004) ....................................................................................................6

Pursuant to Fed. R. Civ. P. 23, Plaintiff Ray Padilla ("Plaintiff"), by his counsel, respectfully submits the following as his Motion for Final Approval of Proposed Class Settlement. For reasons detailed below, Plaintiff respectfully requests that the Court enter an Order granting final approval of the Settlement as fair, reasonable, and adequate.[1]

## I.      INTRODUCTION

This case is based on the allegations that DISH purportedly failed to notify its customers that their PII was being retained and purportedly failed to properly destroy such information in accordance with federal and state law

Class Counsel has secured an incredibly strong and hard-fought settlement with DISH that provides the Settlement Class with meaningful injunctive relief that requires DISH to retain particular PII for specific amounts of time, depending on the type of PII.  The Settlement reached in this case – preliminarily approved by this Court on September 4, 2014 – should now be granted Final Approval.

Because this Settlement provides for injunctive relief only, no notice was required under Fed. R. Civ. P. 23(b)(2). Nonetheless, however, extensive notice was given to the Settlement Class in accordance with the Settlement Agreement (attached as Exhibit 1 hereto) and the Preliminary Approval Order. No Settlement Class members have sought to be excluded, and not one Class Member objected to the settlement. As such, since the Class has overwhelmingly approved the Settlement after being provided notice, and since the Settlement is demonstrably an outstanding result that meets or exceeds the requisite standards, this Settlement should now receive Final Approval.

---

[1] All defined terms in this brief are intended to have the definitions assigned to them in the Settlement Agreement.

## II.    PROCEDURAL HISTORY

On September 13, 2012, Plaintiff brought a putative class action against DISH in the United States District Court for the Northern District of Illinois, case number 1:12-cv-07350, alleging causes of action against DISH for purportedly failing to notify its customers that their PII was being retained and to properly destroy such information in accordance with federal and state law. In his original Complaint, Plaintiff alleged causes of action for (1) violations of the Satellite Home Viewer Extension and Reauthorization Act, 47 U.S.C. § 338, *et seq.* ("SHVERA"); (2) violations of the Illinois Cable and Video Customer Protection Law, 220 ILCS § 5/22-501 ("Cable and Video Law"); and (3) breach of implied contract. Plaintiff claimed federal subject matter jurisdiction pursuant to the Court's original jurisdiction over civil actions arising under the laws of the United States, as well as the Class Action Fairness Act of 2005. Plaintiff also claimed the Court had supplemental jurisdiction over his state statutory and common-law claims pursuant to 28 U.S.C. § 1367. Plaintiff's Complaint sought monetary damages and injunctive relief, among other relief.

On November 16, 2012, DISH moved to dismiss Plaintiff's Complaint for failure to state a claim under SHVERA. On July 19, 2013, the Court issued an order granting in part, and denying in part DISH's motion. The Court dismissed Plaintiff's state law and common law claims entirely, but allowed Plaintiff to proceed with his claims for injunctive relief under SHVERA . Plaintiff moved for leave to file an interlocutory appeal, but his motion was denied. On August 22, 2013, DISH answered Plaintiff's Complaint, alleging, *inter alia*, that as a result of the Court's Order dismissing several of the causes of action, DISH was required only to answer the allegations related to Plaintiff's claim for injunctive relief under SHVERA, and as to that claim, that it did not violate any of Plaintiff's rights under the statute and was protected by numerous affirmative defenses.

The Parties conducted extensive formal and informal discovery in this matter, including exchanging interrogatories and requests for production. The Parties also held a 37.2 conference on March 6, 2014, to address additional discovery issues. On September 24, 2013, the Parties appeared before the Honorable Mary M. Rowland for a settlement conference. Despite the Parties' best efforts, the parties were not able to come to a mutually agreeable conclusion at that date. On April 11, 2014, the Parties again appeared before the Honorable Judge Rowland for a settlement conference. Although no settlement was reached, the Parties continued their dialogue while they simultaneously pursued discovery. After nearly three more months spent negotiating and finalizing the details of the settlement, all material terms were finally agreed upon by the parties in early July 2014 – meaning the settlement agreement was the product of *nine months* of negotiations.

Plaintiff then filed his Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 101) on September 2, 2014. Thereafter, this Court entered a Preliminary Approval Order on September 4, 2014.

## III.   THE SETTLEMENT

The proposed settlement provides the following:

### A.   Settlement Class Definition

The Settlement Agreement provides for a Settlement Class defined as follows:

> All former subscribers to DISH television services during the Class Period who, at any time during the Class Period, provided DISH with their: (1) full name; (2) home address and/or billing address; (3) telephone number(s); (4) credit card number, debit card number, and/or bank account information ("Payment Information"); (5) social security number; (6) date of birth; and/or (7) e-mail address(es) (collectively "Personally Identifiable Information" or "PII"), which information was entered into DISH's business records and retained by DISH for more than 12 months after the resolution of all open items pertaining to any

-3-

account maintained by that subscriber. PII that exists or is referenced only in recorded telephone calls is not deemed to be part of DISH's business records or subject to the Settlement Agreement.

(Ex. 1, § 1.20.)

**B.      Benefits to Settlement Class Members**

The Settlement provides the following injunctive relief for the Settlement Class:

1.      DISH shall retain PII provided to it by former subscribers in its databases for as long as there are open items (e.g. balances due, credit balances, unreturned or damaged equipment, etc.) in any DISH account maintained by a subscriber. All personal information that DISH retains in encrypted form will remain encrypted until purged;

2.      DISH shall retain all PII provided to it by former subscribers for two (2) years following a subscriber's termination of DISH services for the purpose of identifying customers who are eligible for DISH's new subscriber promotions;

3.      Two (2) years after a former subscriber's last account disconnect date, provided there are no open items, DISH shall purge former subscribers' social security number information from its CSG database and business records;

4.      Two (2) years after a former subscriber's last payment transaction date, provided there are no open items, DISH shall purge former subscribers' Payment Information from its CSG database and business records;

5.      Other than social security number information and Payment Information, as provided for in paragraphs (c) and (d), DISH shall retain all PII provided by former customers for three (3) years following a subscriber's termination of DISH services for statute-of-limitations purposes in connection with potential claims against DISH by former subscribers;

6.      Three (3) years after a subscriber's termination of DISH services, provided there are no open items, DISH shall remove and purge the names associated with former subscribers' account information such that the remaining information is no longer personally identifiable. DISH shall retain this remaining information in its business records on an anonymous basis, organized by address/zip code/geocode, for seven (7) years following a subscriber's termination of DISH services for the purpose of complying with tax and programming audits.  DISH may retain former

subscribers' address information, disassociated from its former subscribers' names or other account information, indefinitely;

7.     Notwithstanding the foregoing, DISH shall retain all former subscriber PII for so long as required pursuant to litigation holds or with respect to ongoing government investigations or audits;

8.     DISH shall modify its Privacy Policy in accordance with the terms of the injunction and shall post its modified Privacy Policy on its website within sixty (60) days of the effective date of the Court's order;

9.     DISH shall be bound by the terms of this injunction for a period of four (4) years from the entry of this Final Judgment.

10.     DISH may apply to the Court for relief from the requirements of this injunction for good cause shown.

The Settlement is thus designed to afford relief to all of the Settlement Class. There is no monetary relief awarded to the Settlement Class and no release of monetary damages.

**C.**     **Scope of the Release.**

In exchange for the relief provided above, and upon entry of an order approving this Settlement, DISH and each of its related affiliates and entities will be released by the Settlement Class for injunctive or declaratory relief, based on facts alleged in the Complaint. The Proposed Class's release does <u>not</u> include any claim for monetary relief. (*See* Ex. 1, § 5 for the full release.)

**D.**     **Incentive Award to Class Representative**

Subject to Court approval, the class representative will request a service award of $5,000 in recognition of his contributions to the Class and the risk he incurred in commencing the action, both financial and otherwise.

**E.**     **Attorneys' Fees and Costs**

Subject to Court approval, DISH will not oppose Class Counsel's request for total fees and expenses in the amount of $145,000 (total). These benefits are paid directly by DISH and do

not reduce or dilute the Class benefits in any way. Plaintiff's Motion for approval of Attorneys'

Fees Costs, Expenses, and Incentive Award, which substantiates Plaintiff's Counsel's fee request

in detail, will be separately, contemporaneously filed with this Motion.

## IV. THE SETTLEMENT CLASS SHOULD BE CERTIFIED BECAUSE IT MEETS ALL THE REQUIREMENTS OF RULE 23

### A. Certification of the Proposed Settlement Class

Prior to granting approval of a class settlement, the Court should determine that the

proposed settlement class is proper for settlement purposes. MANUAL FOR COMPLEX LITIGATION

§ 21.632 (4th ed. 2004); *Amchem Prods. Inc. v. Windsor*, 521 U.S. 591, 620 (1997). The Court

may certify a class when the plaintiff demonstrates that the proposed class and proposed class

representatives meet the following prerequisites of Rule 23(a): Numerosity, commonality,

typicality, and adequacy of representation. Fed. R. Civ. P. 23(a)(1-4). After meeting the strictures

of Rule 23(a), the plaintiff must meet one of the standards set forth in Rule 23(b). Fed. R. Civ. P.

23(b). Here, Plaintiff seeks certification under Rule 23(b)(2), which requires a showing that "the

party opposing the class has acted or refused to act on grounds that apply generally to the class,

so that final injunctive relief or corresponding declaratory relief is appropriate respecting the

class as a whole." Fed. R. Civ. P. 23(b)(2).

In determining whether to certify a class, the Court does not inquire into the merits of the

plaintiff's claims. *See Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974) (holding that a

preliminary inquiry into the merits "is directly contrary to the command of [Rule 23(c)(1)]). As

such, the Court accepts the allegations of the plaintiff's complaint as true, but may consider

matters beyond the pleadings to determine if the claims are suitable for resolution on a class-

wide basis. *Szabo v. Bridgeport Machines, Inc.*, 249 F.3d 672, 677 (7th Cir. 2001).

As discussed further below, the proposed Settlement Class meets each of the requirements of Rules 23(a) and (b), and therefore, certification is appropriate.

**1.      Numerosity — Federal Rule of Civil Procedure 23(a).**

Rule 23(a)'s first requirement, numerosity, is satisfied where "the class is so numerous that joinder of all members is impractical." Fed. R. Civ. P. 23(a)(1). To satisfy this requirement there is no specific number required, nor is a plaintiff required to state the exact number of potential class members. *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006). *See also* Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS § 7.20, 66 (4th ed. 2001). Instead, courts are permitted "to make common-sense assumptions that support a finding of numerosity." *Maxwell v. Arrow Fin. Servs., LLC*, 2004 WL 719278, at *2 (N.D. Ill. March 31, 2004). Generally, where the membership of the proposed class is at least 40, joinder is impracticable and the numerosity requirement is met. *Pope v. Harvard Banchares, Inc.*, 240 F.R.D. 383, 387 (N.D. Ill. 2006).

DISH has more than 14 million residential and commercial customers across the U.S. (DISH's Am. Answer at 8.)  In this case, at least thousands of individuals were former customers of DISH and were thus affected by DISH's PII retention policies**.**  Accordingly, the Settlement Class satisfies the numerosity requirement. *See* NEWBERG ON CLASS ACTIONS § 3:5, 243-46 (4th ed. 2002) ("Class actions under the amended Rule 23 have frequently involved classes numbering in the hundreds, or thousands. . . In such cases, the impracticability of bringing all class members before the court has been obvious, and the Rule 23(a)(1) requirement has been easily met.").

**2.      Commonality — Federal Rule of Civil Procedure 23(a)(2).**

The commonality element requires that "there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2). Courts recognize that there may be factual differences between

class members, but "factual variations among class members' claims" do not themselves "defeat the certification of a class." *Patterson v. Gen. Motors Corp.*, 631 F.2d 476, 481 (7th Cir. 1980), *cert. denied*, 451 U.S. 914 (1980); *Rosario v. Livaditis,* 963 F.2d 1013, 1017 (7th Cir. 1992), *cert. denied*, 506 U.S. 1051 (1993). In fact, the threshold for commonality is not high. *Scholes v. Stone, McGuire, & Benjamin*, 143 F.R.D. 181, 185 (N.D. Ill. 1992). Rather, commonality exists if a common nucleus of operative fact exists, even if as to one question of law or fact. *Whitten v. ARS Nat'l Servs. Inc.*, 2001 WL 1143238, *3 (N.D. Ill. Sept. 27, 2001) (commonality is often found where "defendants have engaged in standardized conduct toward the members of the proposed class."). *Wal-Mart Stores, Inc. v. Dukes,* 131 S. Ct. 2541, 2551 (2011) (stating that "commonality requires that the claims of the class simply "depend upon a common contention . . . of such a nature that it is capable of class-wide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke.")

As alleged in Plaintiff's Complaint, the Settlement Class shares common questions of fact and law that predominate over issues affecting only individual members of the Settlement Class. Those common factual and legal issues for the Settlement Class include (a) whether DISH failed to properly notify its customers that their PII was being retained and whether DISH properly destroyed such PII in accordance with federal and state law; and (b) whether Plaintiff and other class members are entitled to injunctive relief. Thus, considering the nature of the issues and facts that bind each Class member together, commonality is satisfied.

### 3.    Typicality — Federal Rule of Civil Procedure 23(a)(3).

Rule 23 also requires that a plaintiff's claims be typical of other class members' claims. Fed. R. Civ. P. 23(a)(3). The typicality requirement is closely related to the commonality

requirement and is satisfied if the plaintiff's claims arise from "the same event or practice or course of conduct that gives rise to the claims of other class members and . . . are based on the same legal theory." *Radmanovich v. Combined Ins. Co. of Am.*, 216 F.R.D. 424, 432 (N.D. Ill. 2003) (internal quotations omitted). The existence of factual differences will not preclude a finding of typicality. *Id.* "Typicality does not mean identical, and the typicality requirement is liberally construed." *In re Neopharm, Inc. Securities Litigation*, 225 F.R.D. 563, 566 (N.D. Ill. 2004) (citation omitted).

Here, Plaintiff and the Settlement Class were former subscribers to DISH television services who had their PII retained by DISH for over 12 months after termination of the services, as well as the resolution of all open items pertaining to any account maintained by that subscriber. Moreover, there are no defenses that pertain to Plaintiff that would not also pertain to the Settlement Class. Accordingly, Plaintiff's claims are typical of the other Settlement Class members' claims.

### 4.    Adequacy of Representation – Federal Rule of Civil Procedure 23(a)(4).

The final Rule 23(a) prerequisite requires that a proposed class representative "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a)(4). To satisfy the adequacy requirement, class representatives must establish that: (i) their claims are not in conflict with those of the proposed class, (ii) they have sufficient interests in the outcome of the case, and (iii) they are represented by experienced, competent counsel. *Hinman v. M and M Rental Ctr., Inc.*, 545 F. Supp. 2d 802, 807 (N.D. Ill. 2008). Furthermore, proposed class counsel must be competent and have the resources necessary to sustain the complex litigation necessitated by class claims; it is persuasive evidence that proposed class counsel have been found adequate in prior cases. *Gomez v. Ill. State Bd. of Educ.*, 117 F.R.D. 394, 401 (N.D. Ill. 1987).

Here, Plaintiff's interests are consonant with the interests of the Settlement Class–obtaining relief from DISH for its PII retention policies, and ensuring that DISH destroys retained PII after an appropriate period of time. Plaintiff has no interests antagonistic to the interests of the other Settlement Class members. (*See* Declaration of Joseph J. Siprut ("Siprut Decl."), attached hereto as Exhibit 2, at ¶ 16.) Moreover, Plaintiff's counsel are well respected members of the legal community, have regularly engaged in major complex litigation, and have significant experience in consumer class actions involving similar issues, scope, and complexity. (*Id.* at ¶ 15; *See* Siprut Firm Resume (attached as Exhibit A to the Siprut Affidavit).) Accordingly, Plaintiff and his counsel would adequately represent the proposed Settlement Class.

### 5.      Class-wide Applicability — Federal Rule of Civil Procedure 23(b)(2).

In addition to satisfying Rule 23(a), a plaintiff seeking certification must satisfy one of the provisions of Rule 23(b). Rule 23(b)(2) provides that a class action is appropriate if the party opposing the class has acted or refused to act on grounds that apply generally to the class, thereby making appropriate final injunctive relief or declaratory relief to the class as a whole. *Adams*, 98 C 4025, 2001 WL 336830, at *16. Furthermore, Rule 23(b)(2) relief is "well suited to pattern-or-practice suits." *Jefferson v. Ingersoll Intern, Inc.*, 195 F.3d 894, 897 (7th Cir. 1999).

The "key to the (b)(2) class is the indivisible nature of the injunctive or declaratory remedy warranted – the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 131 S.Ct. at 2557. In other words, "Rule 23(b)(2) applies only when a single injunction or declaratory judgment would provide relief to each member of the class. It does not authorize class certification when each individual class member would be entitled to a different injunction or declaratory judgment

against the defendant." *Id.* On these criteria, certification of a class under Rule 23(b)(2) is appropriate here.

In this case, the Settlement Class, as a whole, has been subjected to DISH's same policies and practices regarding its retention and storage of former subscriber PII. As such, the entire Settlement Class was subject to DISH's "pattern-or-practice" by which it retained PII for over 12 months after the resolution of all open items pertaining to any account maintained by a former subscriber. Accordingly, DISH has acted or refused to act on grounds generally applicable to the class, satisfying the requirements of Rule 23(b)(2), and injunctive relief is appropriate for the class as a whole. The relief here provides equal benefit to Plaintiff and each putative Settlement Class member, and no individual member is entitled to benefits in a manner different from the others. Certification under Rule 23(b)(2) is proper.

In sum, the Settlement Class meets the requirements of Rule 23(a) and 23(b)(2) and should be certified.[2]

## V. THE COURT SHOULD APPOINT PLAINTIFF'S COUNSEL AS SETTLEMENT CLASS COUNSEL.

Under Rule 23, "a court that certifies a class must appoint class counsel . . . [who] must fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B). In making this determination, the Court must consider counsel's: (1) work in identifying or investigating potential claims; (2) experience in handling class actions or other complex litigation, and the types of claims asserted in the case; (3) knowledge of the applicable law; and (4) resources committed to representing the class. Fed. R. Civ. P. 23(g)(1)(A)(i-iv).

---

[2] As detailed in the Settlement Agreement, DISH does not oppose the request for class certification solely for the purposes of settlement. DISH does, however, reserve the right to assert any and all defenses if the case were not to settle.

As discussed above, Class Counsel has extensive experience in prosecuting class actions and other complex litigation. (Siprut Decl. ¶ 15.) Further, Class Counsel has diligently investigated and prosecuted this matter, dedicated resources to the investigation of the claims at issue, and has successfully negotiated the settlement of this matter to the benefit of the putative Settlement Class. (Siprut Decl. ¶¶ 4-17.) Accordingly, the Court should appoint Joseph J. Siprut of Siprut PC to serve as Settlement Class Counsel for the Settlement Class pursuant to Rule 23(g).

## VI. THE PROPOSED SETTLEMENT IS FAIR AND SHOULD RECEIVE FINAL APPROVAL.

Both judicial and public policies strongly favor the settlement of class action litigation. *Isby v. Bayh*, 75 F.3d 1191, 1198 (7th Cir. 1996); *Armstrong v. Bd. of Sch. Dirs. Of the City of Milwaukee*, 616 F.2d 305, 312 (7th Cir. 1980) ("It is axiomatic that the federal courts look with great favor upon the voluntary resolution of litigation through settlement."). Courts look upon the settlement of lawsuits with favor because such settlements promote "the interests of litigants by saving them the expense and uncertainties of trial, as well as the interests of the judicial system by making it unnecessary to devote public resources to disputes that the parties themselves can resolve with a mutually agreeable outcome." *Hispanics United of DuPage Cty. V. Vill. Of Addison, Ill.*, 988 F.Supp. 1130, 1149 (N.D. Ill. 1997). Indeed, compromise is particularly appropriate in complex class action cases. *See id.*

In determining whether a district court should exercise its discretion to approve a class settlement as "fair," the Seventh Circuit has explained that district courts should "consider the facts in the light most favorable to the settlement," *Isby*, 75 F.3d at 1198-99 (*citing E.E.O.C. v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 888-89 (7th Cir. 1985)). A district court evaluating fairness must consider the following five factors:

-12-

> (1) the strength of plaintiffs' case compared to the amount of defendants' settlement offer, (2) an assessment of the likely complexity, length and expense of the litigation, (3) an evaluation of the amount of opposition to settlement among affected parties, (4) the opinion of competent counsel, and (5) the stage of the proceedings and amount of discovery completed at the time of settlement.

*In re Kentucky Grilled Chicken*, 280 F.R.D. at 375 (citing *Synfuel Techs., Inc., v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006)).

The Supreme Court has cautioned, however, that in reviewing a proposed class settlement, a court should "not decide the merits of the case or resolve unsettled legal questions." *Carson v. Am. Brands, Inc.*, 450 U.S. 79, 88 n.14 (1981); *see also EEOC v. Hiram Walker & Sons, Inc.*, 768 F.2d 884, 889 (7th Cir. 1985), *cert. denied*, 478 U.S. 1004 (1986); *Isby*, 75 F.3d at 1196-97. Instead, a court's inquiry should be "limited to the consideration of whether the proposed settlement is lawful, fair, reasonable, and adequate." *Isby*, 75 F.3d at 1196.

Likewise, the Seventh Circuit has urged district courts to be mindful that "[t]he essence of settlement is compromise," so "the parties to a settlement will not be heard to complain that the relief afforded is substantially less than what they would have received from a successful resolution *after* trial." *Hiram Walker*, 768 F.2d at 889. Indeed, a district court should not reject a settlement "solely because [the settlement] does not provide a complete victory to the plaintiffs." *Isby*, 75 F.3d at 1200. Analysis of all these factors weighs in favor of finally approving the Settlement.

### A. Strength of the Case Measured Against the Settlement

The "most important factor relevant to the fairness of a class action settlement" is the "strength of plaintiff's case on the merits balanced against the amount offered in the settlement." *Synfuel Techs, Inc. v. DHL Express (USA), Inc.*, 463 F.3d 646, 653 (7th Cir. 2006). In doing so, however, "courts should refrain from resolving the merits of the controversy or making a precise

determination of the parties' respective legal rights." *In re AT & T Mobility Wireless Data Services Sales Litig.*, 270 F.R.D. 330, 346 (N.D. Ill. 2010) (internal quotations omitted). Moreover, "[b]ecause the essence of settlement is compromise, courts should not reject a settlement solely because it does not provide a complete victory to the plaintiffs." *Id.* (internal quotations omitted). Rather, an integral part of the Court's strength-versus-merits evaluation "is a consideration of the various risks and costs that accompany continuation of the litigation." *Donovan v. Estate of Fitzsimmons*, 778 F.2d 298, 309 (7th Cir. 1985) *on reh'g sub nom. Sec'y of Labor v. Fitzsimmons*, 805 F.2d 682 (7th Cir. 1986).

Plaintiff alleges causes of action against DISH for (1) violations of the Satellite Home Viewer Extension and Reauthorization Act, 47 U.S.C. § 338, *et seq.* ("SHVERA"); (2) violations of the Illinois Cable and Video Customer Protection Law, 220 ILCS § 5/22-501 ("Cable and Video Law"); and (3) breach of implied contract. Plaintiff claimed federal subject matter jurisdiction pursuant to the Court's original jurisdiction over civil actions arising under the laws of the United States, as well as the Class Action Fairness Act of 2005. Plaintiff contends that DISH retained personally identifiable information ("PII") of customers and failing to notify customers that DISH was retaining such information. As Ordered by this Court in its July 19, 2013, Memorandum Opinion and Order granting in part Defendant's Motion to Dismiss, Plaintiff sought to keep DISH from retaining PII in violation of SHVERA through injunctive relief.

DISH denies any wrongdoing whatsoever, and it has denied and continues to deny that it committed, threatened, or attempted to commit, any of the wrongful acts or violations of law or duty that are alleged in the Action, and instead contends that it has acted properly. In addition, DISH maintains that it has meritorious defenses to the claims alleged in the Action and was prepared to vigorously defend the Action. Indeed, DISH succeeded in its motion to dismiss,

which resulted in the dismissal of most of Plaintiff's claims, as well as any right to seek monetary damages. This significantly reduced the strength of Plaintiff's case and undermined any basis for monetary relief for settlement. Plaintiff's appeal of that decision was also denied.

Although Plaintiff and proposed Class Counsel are confident in the strength of their claims, they recognize that litigation is inherently risky and that, if the litigation were to proceed, DISH would raise several colorable defenses, making this Settlement and the injunctive relief secured by it, all the more reasonable. DISH would also argue that it has not retained any former subscribers' PII longer than necessary for the purpose for which it was collected in violation of any applicable statutes. DISH's factual and legal defenses to Plaintiff's claims counsels in favor of avoiding the risks inherent in litigation.

As explained above, the Settlement provides injunctive relief to correct the retention policies the Action was brought to address. Importantly, all of the Settlement Class will receive this benefit. Plaintiff's Complaint sought to ensure the proper maintenance of Plaintiff's and other Class members' PII. The injunctive measures effectuated by the Settlement provide a tangible benefit to all those affected by the DISH's retention policies, apply equally to all Settlement Class members, and achieves Plaintiff's primary objectives in filing suit.

A settlement will not be rejected simply because it does not provide a complete victory to the plaintiffs (assuming that "complete victory" could be defined within the context of this litigation). *See Hiram Walker,* 768 F.2d at 889. While it might be possible that, if the case were litigated to a conclusion, some class members would be able, at some unknown point in the future, to obtain a greater recovery through individual proceedings, it is also possible they could get less or nothing at all. In fact, it is highly unlikely that Plaintiff would be able to obtain a better outcome in this case even after a trial on the merits. Moreover, that recovery would be

years in the future, at significantly greater expense to the Class. There is a significant risk that the Class would receive less or nothing at all if litigation proceeded to the bitter end.

This first factor – which the Seventh Circuit has reiterated is "the most important" one, *Isby*, 75 F.3d at 1199; *Hiram Walker*, 768 F.2d at 889 – weighs strongly in favor of approving the Settlement because the class would receive substantial benefits despite DISH's colorable defenses. A comparison of the many obstacles to success on the merits in this class action against the monetary and other benefits contemplated by the Settlement Agreement supports the conclusion that this Settlement is fair, reasonable and adequate.

### B. The complexity, length, and expense of continued litigation

Settlement avoids the risks, delays, expense and complexities of continuing litigation and will produce a prompt, certain, and substantial recovery for the class. Due to the nature of Plaintiff's case, the expense, duration, and complexity of protracted litigation would be substantial. This case involves complex technical issues, including issues pertaining to data retention and storage, as well as complex legal issues regarding interpretation and application of statutory requirements regarding retention and use of customer data. Trial will necessarily require an examination of experts – presented by both Parties – as well as an examination of Plaintiff and a number of DISH's current and former employees. In addition, DISH intends to assert a number of affirmative defenses that it contends bar Plaintiff's claim in whole or in part. The uncertainty as to whether these affirmative defenses apply in this case creates substantial risk for both sides. Significant costs would be incurred for expert witnesses, technical consultants, and myriad other costs necessitated by the trial of a nationwide class action. Plaintiff and proposed Class Counsel also recognize that the expense, duration, and complexity of protracted litigation would be substantial, and require further briefing on numerous substantive issues, evidentiary hearings, and further discovery and the gathering of evidence and

witnesses. As such, the substantial and prompt relief provided to the Settlement Class under the Settlement compared to the inherent risk of continued litigation, trial, and appeal, weighs heavily in favor of approval.

### C. The amount of opposition to the Settlement

Since this Court granted preliminary approval of the Settlement on September 4, 2014, no individuals have objected to the Settlement. (Siprut Decl. ¶ 14.) Thus, there has been no opposition to the settlement. *See In re AT&T Mobility Wireless Data Servs. Sales Tax Litig.*, 789 F.Supp.2d 935, 961 (N.D. Ill. 2011) ("[I]t is illuminative that only a tiny fraction of the Class Members saw fit to opt out or to object."); *In re Mexico Money Transfer Litig.*, 164 F.Supp.2d 1002, 1021 (N.D. Ill. 2000) (holding that the fact that "99.9% of class members have neither opted out nor filed objections. . . is strong circumstantial evidence in favor of the settlements"), *aff'd,* 267 F.3d 743 (7th Cir. 2001). Further, because the injunctive relief sought would prevent DISH from unlawfully retaining PII, any objections would not be reasonable. Moreover, because the Settlement Agreement does not inhibit class members from bringing suit for monetary and statutory damages, the court need only look to see if the terms of the injunction are fair to the class. Thus, this factor weighs strongly in favor of final approval.

### D. Competent Counsel's Opinion Favors Approval.

Courts are entitled to rely on the opinion of competent Class Counsel that the settlement is fair, reasonable and adequate, where Class Counsel are qualified, and where discovery and settlement negotiations are extensive and thorough. *In re Kentucky Grilled Chicken*, 280 F.R.D. at 378. A district court may rely on affidavits outlining the qualifications of class counsel in deciding whether to approve a settlement. *See Isby*, 75 F.3d at 1200.

Here, Class Counsel has extensive experience in consumer class actions and complex litigation. (Siprut Decl. ¶ 15.) Based upon proposed Class Counsel's analysis and the information obtained from DISH, the injunctive relief represents a significant recovery for the Settlement Class, especially when weighed against DISH's anticipated defenses and the inherent risks of litigation. Class Counsel believes that the Settlement is beneficial to the Settlement Class and meets the class-certification requirements of Rule 23.

### E.  The Stage of the Proceedings and the Amount of Discovery Completed

Based upon information exchanged by the Parties, Plaintiff believes he possesses the evidence needed to establish his *prima facie* case.  DISH has provided Plaintiff with information relating to DISH's policies and practices involving PII retention. As such, counsel for each party has sufficient information to assess the strengths, weaknesses, and likely expense of taking this case to trial.

While the Parties have exchanged information critical to evaluating the strength of Plaintiff's contentions (and DISH's defenses), the amount of discovery taken is not a prerequisite to a class action settlement. Courts have noted that, "the label of 'discovery' [either formal or informal] is not what matters. Instead, the pertinent inquiry is what facts and information have been provided." *Schulte*, 805 F. Supp. 2d at 587 (internal citation omitted). *See also in re Corrugated Container Antitrust Litigation,* 643 F.2d 195, 211 (5th Cir. 2010) ("It is true that very little formal discovery was conducted and that there is no voluminous record in the case. However, the lack of such does not compel the conclusion that insufficient discovery was conducted." (emphasis omitted)). Here, information more than sufficient to make a reasonable and informed decision has been procured, meaning that there was a reasonable, informed basis to evaluate the Settlement.

Moreover, Class Counsel's investigation into DISH's data retention practices, coupled with counsel's particularized knowledge in this space resulting from its involvement in class action litigation against other industry actors, fully informed Plaintiff's decision to accept a settlement. Approval at this stage of the proceedings is further justified by the fact that implementing the injunctive relief contemplated by the Settlement means that Plaintiff's and other class members' PII will be immediately protected and safeguarded going forward. Hence, the timing of the Settlement warrants approval.

## VII.   THE COURT-APPROVED NOTICE PROGRAM SATISFIES DUE PROCESS

Although Plaintiff contends notice was not required in this matter, the Parties effectuated class notice in a reasonable manner that was calculated to reach as many Class Members as possible who would be bound by the Settlement. In this case, website and publication notice was available for the Class. The notice plan approved by the Court on September 4, 2014 (Docket No. 104) provided the best notice practicable to apprise the Settlement Class of the pendency of this Lawsuit and complied fully with due process, as already found in the Preliminary Approval Order. *Id*.

DISH and Class Counsel provided the Class with Notice of the proposed settlement by the following methods, previously approved by the Court:

- **Settlement Website**. On September 18, 2014, Class Counsel created the Settlement Website and posted the relevant information and documents, including but not limited to, applicable deadlines; Class Notice; the Settlement Agreement; the Preliminary Approval Order; and contact address for questions. (Siprut Decl. ¶ 13.);

- **Publication Notice.** On October 6, 2014, DISH began Publication Notice. (*See* Declaration of Kathleen Komraus Regarding Class Notice, attached hereto as Exhibit 3, at ¶ 5.)

The Publication Notice ran in the October 6, 2014 and October 13, 2014 national editions of the

USA Today newspaper. (*Id.*)

Accordingly, the form and method of notice given to class members satisfies all the legal

requirements of Rule 23, as well as the constitutional due process requirements.


Dated: December 4, 2014                             Respectfully submitted,

                                                    RAY PADILLA, individually and on behalf
                                                    of all others similarly situated


                                                    By:      */s/ Joseph J. Siprut*
                                                         One of the Attorneys for Plaintiff
                                                         And the Settlement Class

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Gregory W. Jones
*gjones@siprut.com*
SIPRUT PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.267.1906
www.siprut.com

<u>**CERTIFICATE OF SERVICE**</u>

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Plaintiff's Motion for Final Approval of Class Action Settlement** was filed this 4th day of December, 2014, via the electronic filing system of the United States District Court for the Northern District of Illinois, which will automatically serve all counsel of record.

*/s/ Joseph J. Siprut*
Joseph J. Siprut

4813-0443-6762, v. 1