# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| RAY PADILLA, on behalf of himself and all others similarly situated, ) ) ) | |
| Plaintiff, ) ) | Case No. 12-CV-7350 |
| v. ) ) | Hon. Robert M. Dow, Jr. |
| DISH NETWORK L.L.C, ) ) | Magistrate Judge Rowland |
| Defendant. ) | |

## PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS, AND INCENTIVE AWARD

**Submitted by:**

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Gregory W. Jones
*gjones@siprut.com*
**SIPRUT PC**
17 North State Street,
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.267.1906

**TABLE OF CONTENTS**

I. INTRODUCTION ...................................................................................................1

II. PROCEDURAL HISTORY....................................................................................2

III. CLASS COUNSEL'S UNOPPOSED FEE REQUEST .........................................3

    A. DISH Has Agreed to Pay Class Counsel's Requested Fees, The Amount of Which Was The Result of Compromise ............................................................................3

    B. The Fee Award Is Paid Separate and Apart from the Class Relief .........................5

    C. Class Counsel Performed Substantial Work on Behalf of the Class .......................5

    D. The Requested Fees are Appropriate Under the Lodestar Method..........................7

IV. THE REQUESTED INCENTIVE AWARD TO THE NAMED PLAINTIFF IS PROPER. ..................................................................................................................9

V. CONCLUSION......................................................................................................10

## TABLE OF AUTHORITIES

**UNITED STATES SUPREME COURT CASES**

*Fox v. Vice,*
131 S. Ct. 2205 (2011) ..................................................................................................8

*Hensley v. Eckerhart*,
461 U.S. 424 (1983)..................................................................................................3, 7

**UNITED STATES CIRCUIT COURT OF APPEALS CASES**

*Connolly v. Nat'l Sch. Bus. Serv., Inc.,*
177 F.3d 593 (7th Cir.1999) .........................................................................................8

*Cook v. Niedert,*
142 F.3d 1004 (7th Cir. 1998) ...................................................................................8, 9

*Gastineau v. Wright,*
592 F.3d 747 (7th Cir. 2010) ....................................................................................7, 8

*Harman v. Lyphomed, Inc.*,
945 F.2d 969 (7th Cir. 1991) ........................................................................................8

*Skelton v. Gen. Motors Corp.*,
860 F.2d 250 (7th Cir. 1988) ........................................................................................8

*Staton v. Boeing*,
327 F.3d 938 (9th Cir. 2003) ........................................................................................4

**UNITED STATES DISTRICT COURT CASES**

*In re Cenco, Inc. Sec. Litig.*,
519 F. Supp. 322 (N.D. Ill. 1981) .................................................................................8

*In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*,
MDL No. 901, 1992 WL 226321 (C.D. Cal. June 10, 1992) .......................................4

*In re Prudential Ins. Co. of Am. Sales Practices Litig.*,
106 F.Supp. 2d 721 (D. N.J. 2000) ...............................................................................4

*In re Relafen Antitrust Litig.*,
231 F.R.D. 52 (D. Mass. 2005) .....................................................................................9

*In re Vitamin Antitrust Litig.*,
2004 WL 6080000 (D.D.C. Oct. 22, 2004) ..................................................................5

*Manners v. Am. Gen. Life Ins. Co.*,
1999 WL 33581944 (M.D. Tenn 1999) ...........................................................................................4

*Rossi v. Proctor & Gamble Co.*,
2013 WL 5523098 (D.N.J. Oct. 3, 2013) .......................................................................................4

*Snell v. Allianz Life Ins. Co. of North Am.*,
2000 WL 1336640 (D. Minn. Sept. 8, 2000) .................................................................................4

*Spicer v. Chi. Bd. Options Exch., Inc.*,
844 F. Supp. 1226 (N.D. Ill. 1993) ................................................................................................9

Pursuant to Fed. R. Civ. P. 23, Plaintiff Ray Padilla ("Padilla" or "Plaintiff"), by his counsel, respectfully submits the following Motion for Attorneys' Fees, Costs, and Incentive Award.

## I. INTRODUCTION

Class Counsel seeks the Court's approval of an award for attorneys' fees and costs in the amount of $145,000, and an incentive award of $5,000 to the named Plaintiff – both of which DISH Network L.L.C. ("DISH" or "Defendant") has agreed to pay. The award sought is reasonable and appropriate, as Class Counsel litigated this matter without any compensation from the investigation stages all the way through class-wide resolution on behalf of the Class, and obtained a settlement that provides substantial relief to the Settlement Class members. The Parties were able to reach agreement on the issue of attorneys' fees only after weeks of exchanges on this issue, and most importantly, with the assistance and input of Judge Rowland, who mediated multiple settlement conferences. Given the time invested in this case by Class Counsel, an award of fees and costs at this level means that a *negative* multiplier would be utilized – i.e., Class Counsel's base lodestar time *exceeds* $145,000, which further underscores the reasonableness of the request.

In sum, and as demonstrated below, Counsel's requested fee award:

- Is the result of negotiation and compromise with DISH and is unopposed;

- Will not in any way diminish the recovery of the Class, as the attorneys' fees are to be paid separate and apart from the Class recovery; and

- Falls well within the range of attorneys' fees and expenses awarded by courts within the Seventh Circuit using the lodestar/multiplier methodology.

## II. PROCEDURAL HISTORY

On September 13, 2012, Plaintiff brought a putative class action against DISH in the United States District Court for the Northern District of Illinois, case number 1:12-cv-07350, alleging causes of action against DISH for purportedly failing to notify its customers that their PII was being retained and to properly destroy such information in accordance with federal and state law. In his original Complaint, Plaintiff alleged causes of action for (1) violations of the Satellite Home Viewer Extension and Reauthorization Act, 47 U.S.C. § 338, *et seq.* ("SHVERA"); (2) violations of the Illinois Cable and Video Customer Protection Law, 220 ILCS § 5/22-501 ("Cable and Video Law"); and (3) breach of implied contract. Plaintiff claimed federal subject matter jurisdiction pursuant to the Court's original jurisdiction over civil actions arising under the laws of the United States, as well as the Class Action Fairness Act of 2005. Plaintiff also claimed the Court had supplemental jurisdiction over his state statutory and common-law claims pursuant to 28 U.S.C. § 1367. Plaintiff's Complaint sought monetary damages and injunctive relief, among other relief.

On November 16, 2012, DISH moved to dismiss Plaintiff's Complaint for failure to state a claim under SHVERA. On July 19, 2013, the Court issued an order granting in part, and denying in part DISH's motion. The Court dismissed Plaintiff's state law and common law claims entirely, but allowed Plaintiff to proceed with his claims for injunctive relief under SHVERA. Plaintiff moved for leave to file an interlocutory appeal, but his motion was denied. On August 22, 2013, DISH answered Plaintiff's Complaint, alleging, *inter alia*, that as a result of the Court's Order dismissing several of the causes of action, DISH was required only to answer the allegations related to Plaintiff's claim for injunctive relief under SHVERA, and as to that claim, that it did not violate any of Plaintiff's rights under the statute and was protected by numerous affirmative defenses.

The Parties conducted extensive formal and informal discovery in this matter, including exchanging interrogatories and requests for production. The Parties also held a 37.2 conference on March 6, 2014, to address additional discovery issues. On September 24, 2013, the Parties appeared before the Honorable Mary M. Rowland for a settlement conference. Despite the Parties' best efforts, the parties were not able to come to a mutually agreeable conclusion at that date. On April 11, 2014, the Parties again appeared before the Honorable Judge Rowland for a settlement conference. Although no settlement was reached, the Parties continued their dialogue while they simultaneously pursued discovery. After nearly three more months spent negotiating and finalizing the details of the settlement, all material terms were finally agreed upon by the parties in early July 2014 – meaning the settlement agreement was the product of *nine months* of negotiations.

Plaintiff then filed his Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 101) on September 2, 2014. Thereafter, this Court entered a Preliminary Approval Order on September 4, 2014. (Docket No. 104.)

### III. CLASS COUNSEL'S UNOPPOSED FEE REQUEST

#### A. DISH Has Agreed to Pay Class Counsel's Requested Fees, The Amount of Which Was The Result of Compromise.

Class Counsel's fee request was the result of a negotiated resolution with DISH. The Parties' negotiations over this issue were spirited, but both sides worked hard to reach a result that was fair, managed risk for both sides, and would eliminate any burdens otherwise imposed on this Court by having to decide fees on a contested basis. *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983) ("A request for attorneys' fees should not result in a second major litigation. Ideally, of course, litigants will settle the amount of the fee.").

Given all this, the Parties' negotiated resolution must be accorded deference, even if it is not necessarily the exact number a court would have derived in a vacuum. *See, e.g.*, *Staton v. Boeing*, 327 F.3d 938, 964 (9th Cir. 2003) (where "defendant in form agrees to pay the fees independently of any monetary award or injunctive relief provided to the class . . . the court need not inquire into the reasonableness of the fees even at the high end with precisely the same level of scrutiny as when the fee amount is litigated"; the issue is whether the fee is facially fair and reasonable); *Rossi v. Proctor & Gamble Co.*, No. 11-7238, 2013 WL 5523098, at *9 (D.N.J. Oct. 3, 2013) ("[C]ourts routinely approve agreed-upon attorneys' fees awards paid by the defendant, rather than the class members, especially where that amount is independent of the benefit obtained for the class."); *Snell v. Allianz Life Ins. Co. of North Am.*, No. Civ. 97-2784, 2000 WL 1336640, at *19 (D. Minn. Sept. 8, 2000) ("Our acceptance of the fee request is facilitated by the fact that the fee amount was independently negotiated by the settling parties, and comes from a source that does not impact upon the total settlement fund that is available to the class."); *Manners v. Am. Gen. Life Ins. Co.*, No. 3-98-0266, 1999 WL 33581944, at *28 (M.D. Tenn. Aug. 11, 1999) (negotiated fee in class action entitled to "great weight" where attorneys' fees negotiations were conducted at arm's length, after agreement on all settlement terms); *In re First Capital Holdings Corp. Fin. Prods. Sec. Litig.*, MDL No. 901, 1992 WL 226321, at *4 (C.D. Cal. June 10, 1992) (where there is arm's length negotiation with neutral mediator and no evidence of self-dealing or conflict of interest, "the Court is reluctant to interpose its judgment as to the amount of attorneys' fees in the place of the amount negotiated by the adversarial parties in the litigation.").

Indeed, as another district court observed in *In re Prudential Ins. Co. of America Sales Practices Litig.*, 106 F. Supp. 2d 721, 722 n.1 (D.N.J. 2000):

> Here, Class Counsel presumably sought more than [the agreed upon fee] in their fee negotiations with Prudential, and presumably agreed to [the fee] as a compromise, in order to achieve an agreement that Class Counsel hoped, under the circumstances, would be respected. If such agreements are likely to be subject to further reduction by the Court notwithstanding the absence of any collusion or opportunity for collusion, and notwithstanding the absence of any impact on the class recovery, then future plaintiffs' counsel will have little incentive to make such agreements.

Here, as in *In re Prudential*, while any fee award on a contested basis may have been higher (or lower) than the agreed amount, Class Counsel respectfully submits that the agreed amount is a fair compromise. More importantly, as detailed below, the request is further supported under the applicable standards for approval.

### B. The Fee Award Is Paid Separate and Apart from the Class Relief.

Importantly, *the fee award does not in any way diminish the consideration each class member receives*. In a traditional common fund recovery, attorneys' fees are withdrawn from the fund before claims are paid to class members, thereby reducing the amount available to the class. Here, however, the fee request will in no way reduce the injunctive relief afforded to the Settlement Class. Rather, attorneys' fees will be paid separately from this relief, which bolsters the appropriateness of the Class Counsel's request. *See In re Vitamin Antitrust Litig.*, 2004 WL 6080000, *5 (D.D.C. Oct. 22, 2004) ("The fact that "the proposed fee [did] not diminish the Plaintiffs' recovery was an important factor supporting this Court's approval of the first fee petition.") (citations omitted).

### C. Class Counsel Performed Substantial Work on Behalf of the Class.

Class Counsel expended tremendous effort in bringing about this settlement on behalf of millions of Settlement Class members. DISH's attorneys mounted a skilled defense, from the

-5-

pleadings stage through settlement. The hours Class Counsel expended in battling DISH, which total 471.2 (Siprut Decl., ¶28, attached hereto as Exhibit 1), include the following:

- **Pre-Complaint Factual Investigation**. Class Counsel conducted a factual and legal investigation prior to filing suit in 2013. This involved working with potential clients, gathering factual background, and reviewing various documents, agreements, and other relevant materials.

- **Legal Investigation**. With the initial factual investigation ongoing, Class Counsel investigated the litigation landscape. In addition, Class Counsel researched: (1) choice of law issues; (2) the appropriate venue and potentially applicable statutes and common law claims under Illinois and various other states' laws; and (3) the elements and potential defenses for each of the proposed claims. Once the initial factual and legal research had been completed, Class Counsel began: (1) formulating the SHVERA violation claim; (2) drafting, preparing, and filing the Complaint; and (3) engaging in correspondence with clients regarding the complaint and the case in general.

- **Motion Practice**. As the litigation progressed, Class Counsel reviewed Defendant's Answer to the Class Action Complaint, filed a substantive Motion to Strike Defendant's Affirmative Defenses, fully briefed a Motion to Dismiss, and researched class certification issues.

- **Discovery**. The Parties engaged in substantial formal and informal discovery. This included written discovery and extensive sharing of information through teleconference and email discussing and analyzing the factual predicates of Plaintiff's claim.

- **Interactions With Clients and the Members of the Class**. During the course of the litigation, Class Counsel has received various inquiries from DISH customers, which has required Class Counsel to take the time to communicate with each individual, collect data, and keep consumers apprised of any progress in the case.

- **Settlement**. This court is already well-aware of the substantial and protracted settlement negotiations Class Counsel conducted with Defendant that spanned approximately nine months. Judge Rowland facilitated the negotiations. Class Counsel researched and drafted memoranda regarding potential settlement structures, analyzed settlements in similar cases, reviewed materials obtained through informal discovery, attended settlement conferences, and regularly engaged in telephonic conferences and email exchanges. After approximately nine months of negotiations, the parties were able to agree on the substantive terms that would provide immediate and direct benefits to the Class.

- **Preliminary and Final Approval**. In order to finalize and effectuate the settlement, Class Counsel is required to prepare the Motion for Preliminary

Approval (since granted by the Court), the present Motion for Attorneys' Fees, the Motion for Final Approval, as well as the hearings accompanying those Motions.

### D. The Requested Fees Are Appropriate Under the Lodestar Method.

The lodestar method supports the fee request here and further underscores the reasonableness of the Parties' compromise on this issue. To determine the reasonableness of attorneys' fees under the lodestar method, the first step is to calculate a base lodestar amount by "multiplying a reasonable hourly rate by the number of hours reasonably expended." *Gastineau v. Wright,* 592 F.3d 747, 748 (7th Cir. 2010) (*citing Hensley*, 461 U.S. at 433-37 (1983)). Here, the time summary included in the Siprut Declaration accurately reflects the extensive work Class Counsel performed – and expects to perform to see the case through to completion – in this novel and complex litigation. To date, eight attorneys at Class Counsel's firm have spent 471.2 hours collectively in prosecuting this action for a total lodestar amount of $193,876.50. (Siprut Decl., at ¶28.) As detailed in the Declaration of Joseph Siprut, the hourly rates utilized by Siprut PC's attorneys and legal staff (1) have been previously approved by courts throughout the country and this district; (2) are the same hourly rates charged by Siprut PC to outside clients; and (3) are demonstrably *lower* than the median hourly rate in the legal market based on the hourly rates charged in other cases by attorneys with similar experience, skill and reputation. (*Id*., ¶¶13-18.)

The time summary provided in the Siprut Declaration is sufficient to form the basis of the fee request. The Supreme Court has explicitly held that

> trial courts need not, and indeed should not, become green-eyeshade accountants. The essential goal in shifting fees (to either party) is to do rough justice, not to achieve auditing perfection. So trial courts may take into account their overall sense of a suit, and may use estimates in calculating and allocating an attorney's time. And appellate courts must give substantial deference to these determinations, in light of the district court's superior understanding of the litigation.

*Fox v. Vice,* 131 S. Ct. 2205, 2216 (2011) (internal quotations omitted). Class Counsel's declaration and the time records summarized therein are thus more than sufficient for establishing lodestar figures.

The base lodestar is typically adjusted using a multiplier to take into account various factors in the litigation that affect the reasonableness of the requested fees. *See, e.g., Cook v. Niedert,* 142 F.3d 1004, 1015 (7th Cir. 1998); *Skelton v. Gen. Motors Corp.*, 860 F.2d 250, 255 (7th Cir. 1988). These factors include "the complexity of the legal issues involved, the degree of success obtained, and the public interest advanced by the litigation." *Gastineau*, 592 F.3d at 748. When applying a multiplier to the base lodestar amount, courts should also consider the risk plaintiff's counsel assumes in recovering nothing. *Harman v. Lyphomed, Inc.*, 945 F.2d 969, 975-76 (7th Cir. 1991) (remanding case for recalculation of attorneys' fees because the trial court failed to award a risk multiplier). Multipliers can range from 2 to 4 or even higher. *See In re Cenco, Inc. Sec. Litig.*, 519 F. Supp. 322 (N.D. Ill. 1981) (applying a lodestar multiplier of 4 to lead counsel's lodestar and 2 to other counsels' lodestar). "The standard is whether the fees are reasonable in relation to the difficulty, stakes, and outcome of the case." *Id.*, citing *Connolly v. Nat'l Sch. Bus. Serv., Inc.,* 177 F.3d 593, 597 (7th Cir.1999).

Here, however, Class Counsel does not seek an upward multiplier. The fees DISH has agreed to pay (which Counsel has agreed to accept if awarded by the Court) result in the application of a *negative* multiplier, because Counsel's base lodestar and costs (not including additional time that will be expended through final approval) is $193,876.50, which further underscores the reasonableness of the requested (and agreed-upon) fee.

Accordingly, the requested fee award of $145,000 is reasonable under a lodestar analysis and may be approved by the Court on this basis.

## IV. THE REQUESTED INCENTIVE AWARD TO THE REPRESENTATIVE PLAINTIFF IS PROPER.

Finally, Plaintiff requests that the name plaintiff and class representative receive an incentive award of $5,000, which DISH does not oppose (and which, like attorneys' fees, was the result of a negotiated compromise). The rationale for awarding incentive payments to named plaintiffs is that they should be compensated for the expense or risk they have incurred in conferring a benefit on other members of the class. *In re Relafen Antitrust Litig.*, 231 F.R.D. 52, 82 (D. Mass. 2005)). Incentive awards are appropriate "to encourage or induce an individual to participate" in a class action law suit. *Id.*

Moreover, and similar to the fee request, comparisons to incentive awards in other similar class action settlements further underscore that this amount is reasonable and fair. *See, e.g.*, *In re Southwest Airlines Drink Voucher Litigation*, No. 1:11-cv-08176 (Docket No. 141) (each of two class representatives received $15,000 incentive awards); *Cook*, 142 F.3d at 1016 (awarding $25,000 incentive award); *Spicer v. Chi. Bd. Options Exch., Inc.*, 844 F. Supp. 1226, 1267-68 (N.D. Ill. 1993) ($30,000 awarded from settlement fund of $10 million).

In this case, the class representative plaintiff has contributed substantially to this litigation and has invested considerable time, at his own expense, to do so. Plaintiff aided our initial investigation of the claims, and worked to provide a variety of documentation (initially at our request, and then additionally as the Parties exchanged information) to support the asserted claims on behalf of the Settlement Class. He also spent several hours with us on the phone discussing the case and its progress, and the scope of the settlement eventually achieved. (Siprut Decl., ¶3.)

## V.    CONCLUSION

For the reasons set forth above, Class Counsel respectfully suggests that the proposed (and agreed-upon) award of attorneys' fees and costs in the amount of $145,000 – and the class representative award of $5,000 – is fair, appropriate, and reasonable, and requests the Court enter an Order approving these amounts.


Dated: December 4, 2014					Respectfully submitted,

							RAY PADILLA, individually and on behalf
							of all others similarly situated



							By:    */s/ Joseph J. Siprut*
								One of the Attorneys for Plaintiff
								And the Settlement Class

Joseph J. Siprut
*jsiprut@siprut.com*
Gregg M. Barbakoff
*gbarbakoff@siprut.com*
Gregory W. Jones
*gjones@siprut.com*
**SIPRUT** PC
17 North State Street
Suite 1600
Chicago, Illinois 60602
312.236.0000
Fax: 312.267.1906

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that a true and correct copy of the foregoing **Plaintiff's Motion for Attorneys' Fees, Costs and Incentive Award** was filed this 4th day of December, 2014, via the electronic filing system of the Northern District of Illinois, which will automatically serve all counsel of record.

                                                                */s/ Joseph J. Siprut*
                                                                  Joseph J. Siprut

4814-5993-6544, v. 1